**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-07186-BLF<br><br>**ORDER DENYING MOTION TO SEAL** |

Before the Court is Plaintiff John Barker ("Barker")'s motion to file under seal exhibits in connection to his motion for class certification and motion for preliminary injunction. ECF 78. For the reasons discussed below, the Court DENIES the motion.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the

1    submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
2    material" which "lists in table format each document or portion thereof that is sought to be
3    sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
4    highlighting or other clear method, the portions of the document that have been omitted from the
5    redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
6    Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
7    79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion relates to a motion for class certification and a motion for preliminary injunction, which are more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1101-2 (holding that "public access will turn on whether the motion is more than tangentially related to the merits of a case" and finding that a "motion for preliminary injunction is more than tangentially related to the merits").

Moreover, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179. Here, the declaration of Olga Savage merely mentions that the documents in their entirety were designated "Confidential," or "Confidential – Attorney's Eyes Only." ECF 78. No compelling reason has been provided as to why the documents in their entirety must be sealed and that the sealing has been narrowly tailored..

For the foregoing reasons, the sealing motion at ECF 78 is DENIED without prejudice. Barker may renew his motion to seal with a declaration setting forth a compelling reason in support of the motion. The motion shall be renewed no later than 10 days from the filing of this order. If the motion is not renewed in time or if no declaration is submitted within four days of the filing of the renewed motion, Barker shall file the unredacted documents in the public record.

Civil L.R. 79-5(e)(1), (2).

**IT IS SO ORDERED.**

Dated: June 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge