UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 5:16-cv-07186-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 75 |

## BACKGROUND

Plaintiff John Barker ("Barker") was a ten-year employee of Insight Global, LLC ("Insight"). Insight is a staffing services company specializing in placing people in IT, accounting, and finance positions. Barker had risen to head of Insight's San Francisco/San Jose office and managed 65 people.

On October 26, 2016, Insight summarily terminated Barker's at-will employment "for cause." Barker then obtained new employment with Beacon Hill Staffing Group, LLC ("Beacon Hill"), an Insight competitor.

Barker filed suit against Insight. Among his claims is one alleging that Insight's labeling of the termination "for cause" was merely an excuse so it could avoid paying him money he would otherwise be entitled to upon termination under the company's Incentive Unit Plan. However, his first and, seemingly, primary claim is one for declaratory relief. He wants the court to declare that

the non-compete and non-solicitation provisions of his employment agreement were unlawful restrictions on his ability to engage in his chosen profession and void under California Business and Professions Code § 16600.

Indeed, the employment agreement imposed several restrictions on Barker's post termination activities. For example, for two years he could not work for a competing business within 50 miles of his location or accept any business from any existing customer of Insight. For one year he could not solicit customers or clients (actual or prospective), or solicit any Insight employees to go to work for someone else. He was required to promptly notify Insight if he took a job with another staffing company as well as advise the new employer about his continuing post-termination obligations to Insight.

Insight counterclaimed, accusing Barker of breach of contract, and intentional interference both with prospective economic advantage and with contract. Specifically, Insight alleges that Barker importuned at least 8 employees of Insight to quit and come to work for Beacon Hill, and that 3 of them did so: John McArthur, Connor Cronin, and Bryan Verduzco.[1]

The pleadings are not yet settled. Motions to dismiss addressed to the First Amended Complaint as well as to the Counterclaim are set for hearing in September. Hearings on Barker's Motion for a Preliminary Injunction and another to Certify a Class (consisting of all persons presented with Insight's highly restrictive employment agreement) are set in November. Nonetheless, discovery has been proceeding apace. The court is told that 9 depositions have been taken so far (including Barker, McArthur, Cronin, and Verduzco), and there has been a flurry of paper discovery as well.

**DISCUSSION**

Discovery Dispute Joint Report (DDJR) #2 arises out of Insight's zealous efforts to develop evidence that Barker "unlawfully" induced Insight employees to quit and come to work

---

[1] Insight also sued Beacon Hill in an action, Case No. 5:17-cv-00309-BLF (HRL) *Insight Global, LLC v. Beacon Hill Staffing Group, LLC*, that the court related to the instant one. Beacon Hill is alleged to have interfered with Insight's contractual relations and prospective economic advantage, induced breach of contract, breached California Business and Professions Code § 17200, and misappropriated trade secrets. Although Beacon Hill is mentioned in the filing now before this court, this order does not address discovery disputes, if any, between Insight and Beacon Hill.

2

for Beacon Hill. Its zealotry ran up against the fact that there were close social relationships between Barker and by and between the 8 Insight employees referenced above (and others not specifically named), and many of those social relationships continued even following Barker's termination. The court is told that, as is the habit, especially, of young people in their twenties, they texted each other a lot. Insight wants to get its hands on ALL the text messages.

In its Document Production Requests to Barker, Insight asked in substance (Requests for Production (RFP) #7 and #9) for all documents evidencing Barker's involvement in the recruiting or hiring of any Insight employee for or by Beacon Hill. Barker responded that he had no such documents. (Dkt. 69-1, Declaration of Tyler M. Paetkau (Paetkau Decl.), Ex. 7). In RFP #5, Barker was asked for all documents "relating to" any Insight employee's leaving Insight and/or joining Beacon Hill or some other company. To that one, Barker objected on numerous grounds and offered to respond to a more narrowed request. (Id.). The court is told Barker produced some 80 text messages, but they did not satisfy the defendant because Barker reportedly testified that he had "thousands and thousands" of text messages in his possession.

The deposition subpoenas that went to McArthur, Cronin, and Verduzco requested that they produce ALL documents (including text messages) to or from Barker, to or from any Insight employee, and to or from anyone at Beacon Hill. (Paetkau Decl., Ex. 8). Now represented by Barker's counsel, each objected that the requests cast too broad a net, but said they would respond to a request more narrowly crafted. (Id.).

During meet and confer efforts, counsel for Barker (also on behalf of McArthur, Cronin, and Verduzco) offered to go through all the text messages and produce anything that was "work related." No dice, said Insight. It did not want to rely on the owners of the cell phones in question to go through the text messages to find what was reasonably responsive. (Neither, presumably, did it wish to rely on sifting done by plaintiff's counsel.) It wanted everything. All text messages between Barker, McArthur, Cronin, Verduzco, Jeff McLaren (a Beacon Hill manager), 3 other named Insight employees, and "any other IG [Insight] employee who communicated with one of your clients about Beacon Hill after 10/25/16." Defense counsel made his requirements very clear: "No limitation on subject matter." (Paektau Decl., Ex. 9).

3

Apparently not getting satisfaction through negotiation, and rather than bringing the discovery dispute to the court, Insight served subpoenas on Verizon and AT&T, the carriers who provided service for the personal cell phones of Barker, McArthur, Cronin, and Verduzco. (Barker and McArthur had Verizon; the other two AT&T.) The subpoenas sought two categories of information for the period October 25, 2016 (the date of Barker's termination) through May 31, 2017. First, Insight demanded all text messages to or from each of the 4 subject cell phones and 7 enumerated phone numbers (presumably, numbers of persons of interest to Insight in this dispute), as well as messages to or from "[a]ny phone number with (617) or (857) area code." (The court has no idea what might justify that latter request or what compliance with it might reel in.) (Paektau Decl., Ex. 12). The second category was a log of all incoming and outgoing calls between each of the subject cell phones and any of the host of phone numbers described in the first category.

It was Insight's subpoenas to the cell phone service providers that sparked DDJR #2. Barker's attorney, on behalf of Barker and the three non-parties whose phone records were being subpoenaed, and mindful that the court's standing order on discovery disputes did not permit noticed motions, asked the court for permission to file a motion to quash the subpoenas. The court rejected that request in favor of requiring the usual Discovery Dispute Joint Report, and, in the interim, stayed compliance with the subpoenas. (Dkt. 74).

The court views Insight's subpoenas to the cell phone providers as an extreme example of discovery overreach. In fact, it smacks of harassment. Basically, Insight wants the opportunity for unfettered rummaging through personal information (most from non-parties) with "no limitation on subject matter." The breadth of the desired fishing expedition is a distortion of what Fed. R. Civ. P. 26 teaches about what is discoverable. The subpoenas are hereby quashed.

The gist of Insight's counterclaim is that Barker "solicited and encouraged" (and in 3 instances "caused") Insight employees to quit and go to work for Beacon Hill. Insight is entitled to discovery relevant to those allegations. Accordingly, Barker, McArthur, Cronin, and Verduzco shall review their text messages and, regardless of subject header (if any), and excluding what has already been produced, produce messages that constitute, state, discuss, mention, allude to, or

4

reference:

1. Barker directly or indirectly (i.e., through a third person) soliciting any Insight employee to quit and go to work for Beacon Hill;
2. Barker not soliciting any Insight employee to quit and go to work for Beacon Hill;
3. Barker directly or indirectly (i.e., through a third person) encouraging any Insight employee to quit and go to work for Beacon Hill;
4. Barker not encouraging any Insight employee to quit and go to work for Beacon Hill;
5. Barker attempting either by words or actions to disrupt relationships between Insight and any of its employees or cause any of them to quit.

Nonresponsive portions of messages may be redacted except where they should be disclosed to establish context for the responsive portion(s). If attorney-client privilege or work product doctrine is claimed, the claimant shall furnish a proper privilege log. Privacy objections are overruled. If anyone is serious about objections based on trade secret or confidential information, he shall, without disclosing the secret or the information, identify what it is. Compliance is to be made within 20 days from the filing of this order.

SO ORDERED.

Dated: July 12, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-07186-BLF Notice has been electronically mailed to:

Benjamin I. Fink    bfink@bfvlaw.com, kking@bfvlaw.com, notices@bfvlaw.com, nweinrich@bfvlaw.com

Charles John Smith , III    cjsmith@hslawoffice.com, paralegal@hslawoffice.com, smithparalegal@hslawoffice.com, tpaetkau@hslawoffice.com

Christopher Carl Marquardt    chris.marquardt@alston.com, brenda.johnson@alston.com

Isabella Pei-Ying Lee    isabella.lee@alston.com, brenda.johnson@alston.com

Jeremy Matthew Mittman    jmittman@proskauer.com, aoncidi@proskauer.com, pdeserio@proskauer.com, rlinton@proskauer.com

Olga Savage    olga.savage@procopio.com, liliane.lamotte@procopio.com

Tyler Mark Paetkau    tyler.paetkau@procopio.com, liliane.lamotte@procopio.com, olga.savage@procopio.com, yveline.coulond@procopio.com