UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-07186-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>[Re: ECF 93] |

Before the Court is Defendants' motion for relief from a nondispositive order ("Order") issued by Magistrate Judge Howard R. Lloyd, which granted Plaintiff's motion to compel responses to interrogatories and requests for production relating to class action allegations. *See* Order, ECF 88. Plaintiff John Barker ("Barker") was an employee of Insight Global, LLC ("Insight"), a staffing services company specializing in placing people in IT, accounting, and finance positions. Barker was the head of Insight's San Francisco/San Jose office when Insight terminated him "for cause" on October 26, 2016. Barker then obtained new employment with Beacon Hill Staffing Group, LLC ("Beacon Hill"), an Insight competitor. In the complaint, Barker alleges that Insight failed to pay him certain compensation and seeks a declaration that certain provisions of his employment agreement with Insight are unlawful and void. With respect to the latter claim, he seeks class action relief on behalf of other Insight employees who were subject to the same or similar agreement provisions. Barker filed his class certification motion on June 20, 2017, set for hearing in November 2017. The Court has considered Judge Lloyd's order and Defendants' motion. For the reasons discussed below, the motion is DENIED.

**I.    LEGAL STANDARD**

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this

1 subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or
2 contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a
3 nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the
4 magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry*
5 *v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential –
6 the district judge may not simply substitute his or her judgment for that of the magistrate judge.
7 *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

Judge Lloyd's Order stems from Barker's efforts to obtain class discovery. Back in March 2017, Barker propounded to Insight interrogatories and requests for production of documents, in hopes of obtaining contact information on the putative class members among other discovery. Insight objected to these discovery requests, arguing that the matter is not appropriate for class treatment. Joint Discovery Letter 6, ECF 82. Insight also argued that information belonging to putative class members should not be produced without conducting an "Opt-Out" notice process as set forth in *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561 (2007). Joint Discovery Letter 7.

On July 18, 2017, Magistrate Judge Lloyd granted Barker's motion to compel the class discovery at issue. *See* Order, ECF 88. Finding Insight's objection tantamount to requesting an order disposing the class claims, Judge Lloyd was not persuaded by Insight's argument as a basis to deny class discovery. *Id.* at 2. As to the request to implement an "Opt-Out" process, Judge Lloyd found that the procedure complex, time-consuming, and not necessary. *Id.*

In filing this motion for relief, Insight requests this Court to modify Judge Lloyd's Order in two respects. Mot., ECF 93. First, it asks that the Order be modified to require an "Opt-Out" notice prior to the production of personally-identifying information of putative class members. *Id.* at 2-3. Second, it requests the Court to narrow the scope of information requested by Interrogatories 4 and 5, and Document Request 71. *Id.* at 4.

With regard to the request for an "Opt-Out" process, the Court recognizes that Judge Lloyd did not analyze in detail the holdings of *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal.

App. 4th 554, 561 (2007), and the cases that relied on it, as pointed out by Insight.  However, Judge Lloyd's decision not to impose an "Opt-Out" process requirement fell well within his discretion and was not clearly erroneous or contrary to law.  "Numerous Courts in this District have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *Holman v. Experian Info. Sols., Inc.*, No. 11-0180-CW, 2012 WL 1496203, at *17 (N.D. Cal. Apr. 27, 2012); *see also Benedict v. Hewlett-Packard Co.*, No. 13-0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) (denying request to impose an opt-out notice requirement prior to discovery).  Further, the parties' protective order should be able to adequately protect the putative class members' right of privacy.  In the event Plaintiff's counsel contacts any putative class members, the Court encourages counsel to inform them of their right not to be contacted and to terminate contact if they elect not to talk to counsel.

Turning to Insight's request to narrow the scope of certain discovery requests that are purportedly overbroad, this argument was not properly raised before Judge Lloyd, and there is no explanation for why it was not presented to him.  *See* Mot. 4 n.4.  This Court need not, and ordinarily should not address arguments raised for the first time in a motion for relief from a magistrate judge's order.  *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (rejecting the position that "the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court").  Therefore, the Court declines to consider the request to narrow the scope of Interrogatories 4 and 5, and Document Request 71.

Accordingly, the motion for relief from Judge Lloyd's order is DENIED.

**IT IS SO ORDERED.**

Dated: August 2, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3