UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 5:16-cv-07186-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 6**<br><br>Re: Dkt. No. 107 |

Insight Global, LLC ("Insight") is a staffing services company. John Barker ("Barker") was a long time employee of Insight and head of its San Francisco/San Jose office. On October 26, 2016, Insight terminated Barker's employment. Soon afterward, Barker obtained new employment with Beacon Hill Staffing Group, LLC ("Beacon Hill"), an Insight competitor.

Barker sued Insight for unpaid deferred compensation and also for a declaration that the non-compete and non-solicitation provisions of his employment contract were void under California Business and Professions Code § 16600.

Insight counterclaimed, accusing Barker of breaching his employment contract (1) by going to work for an Insight competitor without notifying Insight and (2) by soliciting some Insight employees to quit. Without regard to whether or not Barker had "solicited" them, Insight employees McArthur, Cronin, and Verduzco did quit and take jobs at Beacon Hill.

Now, Insight wants to depose Jeff McLaren, a Beacon Hill executive who was reportedly involved in bringing McArthur, Cronin, and Verduzco on board at Beacon Hill. Barker opposes the timing of such a deposition.

In Discovery Dispute Joint Report #6, Barker asks the court to order a "stay" on the McLaren deposition until the presiding judge has ruled on his pending motion for judgment on the pleadings, a motion challenging the legal underpinning of Insight's counterclaim. Barker opines that that motion will probably be granted (since the law is clear, he says, that any contractual prohibition on Barker from recruiting away an employee of Insight is void under California law). That outcome, says plaintiff, would make McLaren's testimony completely irrelevant and, therefore, to force the deposition now would work out to be a waste of time and money. Insight does not agree on whether the motion is likely to be granted and further urges that McLaren's testimony is relevant even if it were.

The court will not speculate on whether the motion will be granted (it's not even set for a hearing until January 2018), or on whether McLaren's testimony would or would not be worth having even if it were ultimately granted.

As the case stands right now, the counterclaim is still "viable," and no one can know for sure what the future rulings of the presiding judge will be. There is no persuasive reason to deny Insight the deposition of McLaren at this time, and it may go forward.

SO ORDERED.

Dated: September 14, 2017

HOWARD R. LLOYD
United States Magistrate Judge