UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN BARKER,

          Plaintiff,

    v.

INSIGHT GLOBAL, LLC, et al.,

          Defendants.

Case No. 5:16-cv-07186-BLF (HRL)

**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 5**

Re: Dkt. No. 105

## INTRODUCTION

In Discovery Dispute Joint Report #5 ("DDJR #5"), Insight Global ("Insight") seeks an order requiring production of certain employment compensation documentation it claims to need to support its counterclaims (a) that plaintiff Barker disclosed "confidential" compensation information to Beacon Hill about three of his former Insight colleagues (Cronin, McArthur, and Verduzco), and (b) that he violated his contractual obligations to Insight by soliciting the aforementioned 3 individuals to quit Insight and come to work for Beacon Hill. Insight propounded requests for production of documents to Barker and served subpoenas on Beacon Hill and the 3 individuals. (For convenience, Barker, Beacon Hill, as well as the 3 individual non-parties will, unless the context indicates otherwise, be jointly referred to here in the singular as "Barker.").

Barker objected to the discovery requests as too broad and overreaching. Then, Insight proposed what it characterized as a narrowed version of what it wanted. Barker said no to that as well. Barker's proposed compromise was rejected by Insight. In DDJR #5, the court once again is called upon to referee a dispute between the two sides on the proper scope of allowable discovery.

This is what Insight wants:

1. Any Beacon Hill offer letters to plaintiff, Cronin, McArthur, and Verduzco with related correspondence;

2. Any Beacon Hill employment agreement signed by plaintiff, Cronin, McArthur, and Verduzco with related correspondence, including texts or e-mails about oral agreements;

3. Documents sufficient to show the initial Beacon Hill salary/compensation package for plaintiff, Cronin, McArthur, and Verduzco; and

4. A reopening of the depositions of plaintiff, Cronin, McArthur, and Verduzco to question them about the to-be produced documents.

## DISCUSSION

Insight tells the court it needs documents to show that plaintiff Barker divulged "confidential" salary information about his 3 former co-workers to Beacon Hill and that he solicited the 3 to come to work at Beacon Hill. However, requests seeking, in effect, all documents concerning the establishment of plaintiff's, Cronin's, McArthur's, and Verduzco's employment with Beacon Hill are not cabined by the discrete issues Insight says it wishes to address. This is another example of Insight's interest in getting hold of a mass of information, which may or may not contain information on the issues at hand, rather than asking for discovery on the issues themselves.

Insight has not satisfied the court that the offer letters, employment letters, and the associated correspondence, etc. as pertain to Cronin, McArthur, and Verduzco should be produced, except as follows: documents which constitute, state, discuss, mention, allude to, or reference (a) whether or not they had been solicited by plaintiff Barker, and (b) whether plaintiff

2

Barker disclosed their Insight compensation to Beacon Hill. Responsive documents, if any, shall be produced.

Insight also argues that the personnel documents of Cronin, McArthur, and Verduzco (and including plaintiff Barker's as well) should be produced because they might show that Barker had promised the other 3, as part of his alleged "solicitation," that Beacon Hill would cover their attorney fees if they were sued for jumping ship to Beacon Hill. This "promise to pay attorney fees" issue is also the subject of DDJR #1, which remains under submission. The court defers ruling at this time and will do so in conjunction with its ruling on DDJR #1.

As for plaintiff Barker, Insight has not persuaded the court that his personnel documents should be turned over, except as follows: documents that constitute, state, discuss, mention, allude to, or reference: (a) whether or not he had or was or, prospectively, would solicit Cronin, McArthur, or Verduzco to quit Insight and come to work for Beacon Hill, and (b) whether he disclosed compensation information about the 3 to Beacon Hill. Also, on account of plaintiff Barker's complaint, and not because of the counterclaim (which was the ostensible springboard for DDJR #5), plaintiff Barker shall produce documents sufficient to show his complete, initial compensation package from Beacon Hill. There are two reasons for this. One is because his claim for wrongful termination seeks damages for lost "front pay" (future earnings), and what he earned at Beacon Hill would offset any such damages. The second is because Insight has offered some evidence suggesting that Beacon Hill paid to plaintiff Barker the amount of his deferred compensation that Insight refused to pay him when he was fired. If this is true, it might (the court offers no opinion on this) undercut his claim against Insight to recover that compensation. Responsive documents will be produced.

Barker shall produce documents within 15 days from the filing of this order. Any documents withheld on the basis of attorney-client privilege or the work product doctrine shall be properly described in a privilege log. Barker shall certify that all responsive documents have been produced. Except as stated in this order, Insight's request for an order to produce documents is

denied. No depositions will be reopened.

SO ORDERED.

Dated:   October 13, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge