UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No.5:16-cv-07186-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 7**<br><br>Re: Dkt. Nos. 117, 120 |

In Discovery Dispute Joint Report #7, the plaintiff challenges the defendant's designation of certain of its discovery responses as "Attorneys' Eyes Only" ("AEO"). Defendant argues that the AEO designation is correct.

The Stipulated Protective Order ("Order") in this case defines AEO as information of a type that could be used by a business competitor. (Dkt. 59 at 4:5-7). Plaintiff Barker works for Beacon Hill Staffing, which is a competitor of defendant Insight Global (Insight). The burden of proof is on Insight, as the party who made the AEO designation, to "persuade the Court that the designation is necessary and appropriate." (Id. at 12:2-6).

This is a putative class action. If certified, the class would comprise present or former employees of Insight who executed an employment agreement which placed restrictions on their actions if they left Insight's employ. The complaint alleges the contractual restrictions are anti-

competitive and unlawful under California law.

The discovery responses in question are listings of the names of putative class members, their home addresses, cell phone numbers, job titles, identification of which employment agreement each signed (there were apparently different versions), and---if applicable---why they departed from Insight's employ.

The court has received and considered a declaration from Insight's human resources officer stating that it considers information in employee personnel files to be highly confidential, not to be disclosed to third parties, and for sure not to be disclosed to competitors for fear a competitor would use the information to lure away its employees. The declaration is a bit vague on exactly what information in the personnel files is to be considered as AEO as opposed to Confidential.[1]

Insight urges the court to take seriously the risk of misuse of the AEO information, if disclosed to Barker. Insight's counterclaim alleges that Barker, following his termination, successfully solicited several Insight employees to quit and go to his new employer, Beacon Hill. Insight says it has declarations from some of its employees stating that Barker solicited them. There is, however, evidence from other former Insight employees to the contrary. Put aside for the moment the question of whether or not anti-solicitation language in an employment contract is unlawful and unenforceable. It is speculative for Insight to argue that Barker is bound to do more harmful solicitation if he gets access to the AEO data. Indeed, since Barker worked in three of Insight's California offices, he surely knows or knows of some, perhaps many, of the putative class members right now.

Plaintiff points out that he is not asking for contact information (addresses and cell phone numbers) for the putative class members. That information may remain AEO. What he does want are names, job titles, which employment agreement each signed, and the circumstances of their departure from Insight (if applicable). He proposes that the information he wants should be reduced from AEO to Confidential so that he can engage with his counsel in providing input relevant to obtaining class certification. The Order defines "Confidential" as "non-public,

---

[1] The court grants Insight's administrative motion for leave to submit this declaration. (Dkt. 117).

commercially sensitive, or proprietary information that is treated by its owner as confidential." (Dkt 59 at 4:8-10). To have access to Confidential information Barker would have to sign an agreement (Exhibit A to the Order) promising to be bound by the Order and not to use any Confidential information for any purpose other than the litigation. Obviously, he would be barred from using Confidential information in order to solicit current Insight employees to quit and come to Beacon Hill, and he would be foolhardy to risk it.

Various cases cited by the parties are fact specific, and none are either binding or directly on point. Only one, *Bryant v. Mattel, Inc.*, No. CV 04 09049, 2007 WL 5416684 (C.D. Cal., Feb. 6, 2007), deals with whether particular information should be AEO or something else where the parties cannot agree. *Bryant* reached a result that plaintiff likes, but the facts and the context were very different than this case. Here, the court must balance Insight's concern about possible misuse of certain information against Barker's interest in having access to that information for litigation purposes. The burden of proof is on Insight to convince the court the challenged information should remain AEO in its entirety, and the court concludes Insight has not met that burden. The putative class members' addresses and phone numbers may remain AEO. The other categories of information shall be re-designated as Confidential, and Barker may have access when he has executed the agreement the Order requires.

SO ORDERED.

Dated: November 9, 2017

HOWARD R. LLOYD
United States Magistrate Judge

3