United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 5:16-cv-07186-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 8**<br><br>Re: Dkt. Nos. 118, 119 |

In Discovery Dispute Joint Report ("DDJR") #8, Barker asks the court to strike three of the "corrections" on the errata sheet ("errata") submitted by Insight's 30(b)(6) witness, Albert Bean, following his deposition. Plaintiff says these three changes are "sham," intended to nullify what had been correct, truthful, and damaging admissions. Insight asserts the changes were perfectly proper.

First off, plaintiff argues that the challenged errata should be stricken because the sheet was submitted after the 30 day deadline imposed by Fed. R. Civ. P. 30(e)(1). And, yes, it was submitted somewhere between 2 and 4 days beyond the deadline. The record presented is fuzzy about whether Insight's request to the court reporter on the 30th day for an extension was

"granted," even fuzzier as to who had to do the granting.[1]  True, there is no indication that Barker was asked to agree to an extension or knew about it when it was sought.  Nonetheless, the court is satisfied that Insight did seek an extension and that it believed it had been granted.  Some courts have stricken errata when submitted beyond the 30 days prescribed in the Rules.  Nevertheless, the court sees no prejudice to Barker by virtue of the errata, arguably, being a few days late and declines to strike it on that basis.

Rule 30(e)(1) allows a deponent to make changes "in form or substance," and some courts have interpreted the rule to allow a change even if it contradicts the original testimony.  *See* The Rutter Group, *California: Federal Civil Procedure Before Trial*, §§ 11:1593-1594 (2017).  The Ninth Circuit does not appear to be that generous.  In *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc*. 397 F.3d 1217 (9th Cir. 2005), the court held that changes in deposition testimony through errata must be corrective and not contradictory:  "'[A] change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'"  *Id.* at 1226 (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

The first challenged change concerns Insight's policy of allowing employees to accrue paid time off ("PTO").  Barker states, and Insight does not disagree, that Bean was asked whether Insight had paid Barker all his accrued and unused PTO.  Insight does not dispute that the witness said "Yes."  In the errata, Bean changed that answer to:  "Insight Global offered to pay Plaintiff his accrued PTO, but it has not been paid yet."  The deponent went on to explain that his original answer was a "misstatement."

Since Barker's claims in this lawsuit include one for his unpaid PTO, and since PTO is a separately listed topic in the Amended Notice for Insight's 30(b)(6) deposition, no plausible argument can be made that the witness was caught unawares by the question.  The question was unambiguous and the original answer was unequivocal.  Bean's change to his testimony is nothing more than a "No" in a slim disguise.  The court sees this as an impermissible contradiction and

---

[1] Insight's Administrative Motion for Leave to File Exhibits (Dkt. 118) is granted.

strikes the change.

The second challenged change also concerns the PTO. When asked whether Insight's PTO policy was a "use it or lose it policy" (whether an Insight employee would lose accrued PTO if not used up in a calendar year), the deponent answered: "It reset at the end of every year, I believe, but in California you still got paid for those days is my understanding." In the errata, Bean replaced that answer with: "Unused PTO for Insight Global's California employees does carry over from year to year" and explains that his original testimony was a "misstatement." While neither the original testimony nor the replacement language is a model of clarity, the court does not view the two as contradictory. Ambiguity, yes, between carried over and paid out annually, but not contradictory. The court will not strike this change.

The third challenged change deals with a question about Bryan Verduzco, an Insight employee who quit and went to work for Beacon Hill shortly after Barker did. Although not a party to this litigation, Verduzco has been a person of great interest to Insight in its discovery quest to develop evidence to support its counterclaim against Barker (which alleges Barker solicited Verduzco to leave Insight and to bring Insight clients with him). Verduzco was subpoenaed by Insight to turn over all of his personal phone records and for all records of his contacts with mutual customers while at Insight and at Beacon Hill. (See the Orders re DDJRs #2, 4, and 5 (Dkts. 87, 106, 125), where this court reined in Insight's extreme discovery demands.) He was deposed by Insight, and the court is told that he was examined closely about his accessing certain proprietary Insight computer files sometime before he quit. Barker contends Verduzco had a perfect right to look at the files and that Insight is trying to make something out of nothing. Obviously, the court does not know who is right, but this description of Verduzco's prominence in the litigation sets the context for the final challenged change.

Bean was asked whether he was *aware* (the court's emphasis) of any evidence that Verduzco downloaded, copied or printed Insight's account books, and he answered: "No." In the errata the witness replaced the "No" with: "I am aware of evidence that that [sic] Verduzco downloaded or printed account books or client sheets." He then explained the reason for his change as follows: "Deponent was and is aware of evidence that Verduzco had downloaded or

3

printed Insight Global account books or client sheets, but responded with 'No' as he had not personally seen the evidence at the time of the deposition." The proffered explanation is lame, and explains nothing. The question did not ask if Bean had "personally seen" any such evidence. It asked if he was aware of any. If the deponent "was aware of evidence," as he says in his change, then the original answer to the question should have been "Yes," not "No." Changing a "No" to a "Yes," at least in the context here, is about as clear as a contradiction can be. This change is stricken from the errata.[2]

SO ORDERED.

Dated: November 17, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[2] Insight's argument that Bean had not been properly alerted that he might be questioned about Verduzco is belied by topics 19 and 26 of the 30(b)(6) deposition notice, which specifically name Verduzco as someone about whom Bean would be questioned.

4