Tyler M. Paetkau (Bar No. 146305)
Olga Savage (Bar No. 252009)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone: (650) 645-9027
Facsimile: (650) 687-8323
Email: tyler.paetkau@procopio.com

Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BARKER, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company; and SECOND AMENDED AND RESTATED INSIGHT GLOBAL, LLC 2013 INCENTIVE UNIT PLAN,<br><br>Defendants.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>JOHN BARKER, an individual,<br><br>Counter-Defendant. | **CASE NO. 16-cv-07186 BLF**<br><br>**PUTATIVE CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF FOR:**<br><br>(1) **Declaratory Relief – 28 U.S.C. § 2201(a) (On Behalf of the Class);**<br>(2) **Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq*. (On Behalf of the Class);**<br>(3) **Claim for Benefits - 29 U.S.C. § 1132(a)(1)(B);**<br>(4) **Interference with Right Under ERISA Plan – 29 U.S.C. §1140 (On Behalf of John Barker);**<br>(5) **Breach of Fiduciary Duty – 29 U.S.C. §§ 1109 and 1132(a)(3) (On Behalf of John Barker);**<br>(6) **Waiting Time Penalties – Cal. Labor Code § 203 (On Behalf of John Barker);**<br>(7) **Failure to Pay Unused Vested Paid Time Off at Termination – Cal. Labor Code § 227.3 (On Behalf of John Barker); and**<br>(8) **Defamation.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN BARKER, by and through his attorneys, on behalf of himself and all others similarly situated, alleges the following against Defendants INSIGHT GLOBAL, LLC ("Insight") and SECOND AMENDED AND RESTATED INSIGHT GLOBAL, LLC 2013 INCENTIVE UNIT PLAN (the "Insight Plan") on information and belief formed after reasonable inquiry under the circumstances:

## THE PARTIES

1. Plaintiff John Barker is an individual residing in San Mateo, California.

2. Upon information and belief, Defendant Insight is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Upon information and belief, Insight's members are citizens of the States of Georgia and New York.

3. Insight provides staffing services for companies in the information technology, finance, accounting, engineering and government industries. Insight maintains offices in San Jose, California and San Francisco, California, and conducts substantial business in California.

4. Upon information and belief, Defendant Insight Plan is a deferred compensation plan that is intended to provide additional compensation to attract, retain and reward a select group of management or highly compensated employees, including Plaintiff John Barker, which is administered by Defendant Insight's Board of Directors. Upon information and belief, Defendant Insight alleges that Defendant Insight Plan is governed by the Employee Retirement Income Security Act ("ERISA").

5. John Barker worked for Insight from March 13, 2006 to October 26, 2016, when Insight abruptly terminated his employment without justification or cause. From September 2009 to October 26, 2016, Mr. Barker worked as an Account Manager, Sales Manager and Director of Operations out of Insight's San Jose and San Francisco, California offices, and resided in California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a). As described in paragraphs 1 and 2, above, there is complete diversity of citizenship between

Plaintiff Barker, a citizen of the State of California, and Defendant Insight, a citizen of the States of Georgia and New York. The amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to the claims alleged herein occurred in this district.

## FACTUAL BACKGROUND

8. Insight hired Mr. Barker as Recruiter on or about March 13, 2006. From September 2009 to October 26, 2016, Mr. Barker worked as an Account Manager, Sales Manager and Director of Operations out of Insight's San Jose and San Francisco, California offices.

9. At the beginning of his employment with Insight, Mr. Barker worked out of Insight's Atlanta, Georgia office. Mr. Barker worked out of Insight's Atlanta, Georgia office until approximately February 2008, when Mr. Barker relocated to Insight's Irvine, California office.

10. Insight provided Mr. Barker an offer letter that purported to set out the terms and conditions of his employment on or about March 28, 2006, and another offer letter on or about May 9, 2007. Both offer letters contained provisions prohibiting Mr. Barker from soliciting Insight's employees and customers for one year after the termination of Mr. Barker's employment with Insight, as well as a non-compete provision stating that, for one year after the termination of his employment with Insight, Mr. Barker may not "engage in technical staffing services within a 50 mile radius of any Insight Global, Inc. office in which [Mr. Barker] worked during the last year of [Mr. Barker's] employment with Insight Global, Inc." Even though the non-compete provision and the non-solicitation of customers provision in Mr. Barker's offer letters are facially invalid and unlawful under California law, Insight did not provide Mr. Barker with a revised offer letter excluding those provisions, or inform Mr. Barker that these provisions no longer applied to him, when Mr. Barker relocated to Insight's Irvine, California office in 2008.

11. Over the course of Mr. Barker's employment with Insight, Insight and Mr. Barker executed several versions of an At-Will Employment Agreement. Mr. Barker and Insight executed an At-Will Employment Agreement on or about October 31, 2011 and on or about

November 17, 2015.  A true and correct version of the most recent At-Will Employment Agreement executed by Mr. Barker is attached as Exhibit 1.

12. The At-Will Employment Agreement contains a provision entitled "Agreement Not to Solicit Customers and Clients," which stated that, for one year after the termination of Mr. Barker's employment with Insight, Mr. Barker:

> shall not directly or indirectly solicit, or attempt to solicit, on behalf of any Competing Staffing Business … any actual or prospective customer or client of [Insight] (a) regarding whom [Mr. Barker] was responsible for collecting, compiling or recording Confidential Business Information or trade Secrets for [Insight], or (b) about whom [Mr. Barker] received Confidential Business Information or Trade Secrets as a result of [Mr. Barker's] employment with [Insight].

At-Will Employment Agreement, ¶5, attached as Exhibit 1.

13. The Non-Solicitation provision in the At-Will Employment Agreement was not necessary to protect Insight's claimed "Trade Secrets" and, upon information and belief, was an attempt by Insight to prevent Mr. Barker from competing with Insight after the termination of his employment.  Indeed, a separate provision in the At-Will Employment Agreement addressed the protection of Insight's claimed "Trade Secrets."

14. The non-solicitation of customers provision in the At-Will Employment Agreement placed a substantial segment of the market off limits to Mr. Barker; deterred, interfered with and restricted his ability to earn a living and his mobility in his chosen profession, the temporary staffing industry; and its mere inclusion constitutes an unfair business practice under California law.

15. The At-Will Employment Agreement also contained a provision stating that, if Mr. Barker accepted employment with a "Competing Staffing Business" within one year after the termination of Mr. Barker's employment with Insight, Mr. Barker "shall give written notice to [Insight] of such employment immediately upon acceptance of said employment, and in no event less than fourteen (14) days prior to commencement of such employment."  At-Will Employment Agreement, ¶13.  A separate provision in the At-Will Employment Agreement required Mr. Barker to provide a copy of the At-Will Employment Agreement (including all Trade Secret

protections contained therein) to any potential or actual new employer. *See id.* Thus, the notice provision in the At-Will Employment Agreement was not necessary to protect Insight's "Trade Secrets" and, upon information and belief, was another attempt by Insight to make it difficult or impossible for Mr. Barker to compete with Insight after the termination of his employment.

16. In or about January 2013, Insight and Mr. Barker entered into a SECOND AMENDED AND RESTATED INSIGHT GLOBAL, LLC 2013 INCENTIVE UNIT PLAN (the "Insight Plan"), a true and correct copy of which is attached as Exhibit 2. Under the terms of the Insight Plan, Mr. Barker was entitled to receive payment after the termination of his employment with Insight of units of value accumulated over the course of his employment with Insight, *i.e.*, deferred compensation.

17. The Insight Plan provided that "[i]f termination of employment is by the Company for 'cause' (as determined by the Board), the Employee shall forfeit all Units previously awarded and shall have no right to receive, and the Company shall have no obligation to pay, any amounts under the Plan." Incentive Unit Plan, ¶10(a), attached as Exhibit 2.

18. The Insight Plan also conditioned payment of earned compensation under the Insight Plan on compliance for 24 months after the termination of employment with Insight with several non-compete and non-solicitation provisions that are unlawful, void and unenforceable under California law, including without limitation provisions prohibiting the employee from:

- "[e]ngaging in the business of providing or placing temporary or permanent technical staffing or other technical services within a radius of 50 miles" of either the office where the employee last worked or any other office where the employee worked during the two years preceding the termination of his employment;
- Soliciting or accepting business from any person who was a customer of Insight in the two years prior to the date of termination of the employee's employment; and
- "solicit[ing], divert[ing] or tak[ing] way any trade, business or good will from" Insight or competing for any accounts or personnel that became known to the employee through his employment with Insight.

Insight Plan, ¶¶10(c)(i)-(v), attached as Exhibit 2.

19. The Insight Plan contains a Severability provision, which states that the non-compete and non-solicitation provisions "shall not apply to Employees who are residents of the State of California at the time of termination of Employment." Insight Plan, ¶17.

20. During his ten and a half years of employment with Insight, Mr. Barker was an excellent employee and consistently received positive reviews and feedback regarding his work performance.

21. On October 26, 2016, Insight abruptly terminated Mr. Barker's employment without warning or explanation. Insight's General Counsel and Secretary, David C. Lowance, Jr., sent a letter to Mr. Barker in which he stated "I regret to inform you that we consider your termination to be for 'cause,'" a true and correct copy of which is attached as Exhibit 3. Insight did not provide Mr. Barker with a reason for his termination or an explanation as to why it allegedly considered the termination of his employment to be for "cause." Upon information and belief, Insight did not terminate Mr. Barker's employment for cause. Upon information and belief, Insight falsely claimed that the termination of Mr. Barker's employment was for "cause" in order to unfairly deprive Mr. Barker of his right to receive payment of the units of value accumulated over the course of his employment under the Insight Plan, *i.e.*, his earned deferred compensation in the amount of approximately $344,304.00.

22. After terminating Mr. Barker's employment, Insight, through its employees (including without limitation Mr. Barker's manager, Matt Gonsalves), maliciously published provably false statements concerning Mr. Barker, including without limitation that Mr. Barker had allegedly "cussed out" Mr. Gonsalves and made inappropriate statements to him and that Mr. Barker allegedly "was not performing well on his sales metrics," or words to that effect. Insight's employees, including without limitation Mr. Gonsalves, were acting in the course and scope of their employment when they published the above false statements about Mr. Barker.

23. Even though the non-compete and non-solicitation provisions in the Insight Plan are unlawful, void and unenforceable under California law and do not apply to Mr. Barker under the explicit terms of the Insight Plan's Severability provision, and even though the non-solicitation provision in the At-Will Employment Agreement is unlawful, void and unenforceable under

California law, Mr. Lowance's termination letter to Mr. Barker unlawfully and falsely "reminded" Mr. Barker of his alleged obligations "not to (1) compete against Insight Global in its lines of business within certain geographic areas, (2) solicit any of the customers or prospective customers with whom you had material contact while at Insight Global (regardless of location)." Mr. Lowance's letter warned Mr. Barker that violation of these unlawful, void and unenforceable provisions "could result in serious consequences, including legal action or the forfeiture of all right to payment for IUP Units previously awarded to you."

24. Upon information and belief, Insight now acknowledges that its non-compete and non-solicitation provisions in the Insight Plan do not apply to Mr. Barker.

25. Mr. Barker has requested that Insight execute a stipulation that it will not seek to enforce the non-solicitation provision in the At-Will Employment Agreement against Mr. Barker, but Insight has failed and refused to so stipulate.

26. Additionally, Insight failed to pay Mr. Barker his last wages on the date of his termination. Insight did not provide Mr. Barker with his alleged final paycheck until November 4, 2016. Mr. Barker's alleged final paycheck also did not include his unused, vested Paid Time Off, including accrued, unpaid vacation wages under California law.

27. Mr. Barker needed to obtain new employment immediately to support himself and his family. Mr. Barker's experience and training is in the staffing industry, and, in order to obtain new employment and to engage in his profession of choice, Mr. Barker must be able to accept employment with companies that compete with Insight.

## CLASS ACTION ALLEGATIONS

28. Upon information and belief, Insight has a practice of including in its employment agreements with and offer letters to its California employees certain anti-competitive non-solicitation of customers provisions that are facially unlawful, void and unenforceable under California law.

29. Insight's inclusion of facially unlawful non-solicitation of customers provisions in its offer letters and employment agreements directly undermines the fundamental statutory policy (articulated in California Business and Professions Code section 16600) favoring competition and

6

Case No. 16-cv-07186 BLF
SECOND AMENDED COMPLAINT

employee mobility. Insight's mere inclusion of the unlawful non-solicitation provisions undermines and inhibits competition and employee mobility, because the average employee would honor the unlawful provision without consulting counsel or challenging the provision in court. Additionally, the mere inclusion of the unlawful non-solicitation provisions discourages employees from terminating their employment with Insight and seeking employment with a competitor or forming a competing business, because the unlawful provisions place a substantial segment of the market off limits to the employees.

30. Mr. Barker brings his First and Second Claims for Relief on behalf of himself and all others similarly situated pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. The class is defined as follows:

> All persons employed at any time by Insight in California during the period from December 15, 2012 to the present who signed an employment agreement with Insight or received an offer letter from Insight that contained a non-solicitation of customers provision.

31. Mr. Barker does not, as yet, know the exact size of the class because such information is in the exclusive control of Insight. Based on the high volume of business conducted by Insight in the State of California, Mr. Barker is informed and believes that Insight employed as many as 500 employees in California during the period from December 15, 2012 to the present. Mr. Barker is informed and believes that Insight included, and continues to include, unlawful anti-solicitation of customers provisions in its employment agreements with and/or offer letters to all of its California employees.

32. The questions of law or fact common to the class include without limitation:

    a. Whether the non-solicitation of customers provisions in Insight's employment agreements with and offer letters to its California employees are unlawful, void and unenforceable under Business and Professions Code section 16600;

    b. Whether the class members are entitled to declaratory relief that they have the immediate right to solicit and obtain business from Insight's customers and potential customers upon the termination of their employment with Insight, and that Insight's non-solicitation of customers provision is unlawful, void and

| | |
|---|---|
| 1 | unenforceable; |
| 2 | c. Whether Insight's mere inclusion of the facially unlawful non-solicitation |
| 3 | provisions constitutes unlawful, unfair and/or fraudulent business acts or practices |
| 4 | prohibited by California Business and Professions Code sections 17200, *et seq.*; |
| 5 | and |
| 6 | d. The type and measure of damages suffered by Mr. Barker and the class. |

33. These and other questions of law and fact are common to the class, and predominate over any questions affecting only individuals in the class.

34. Mr. Barker's claims are typical of the claims of the class.

35. Mr. Barker will fairly and adequately represent the interests of the class and has no conflict with the interests of the class.

36. Mr. Barker has retained competent counsel experienced in employment, restrictive covenant, unfair competition and class action litigation to represent himself and the class.

37. Insight has acted on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the class as a whole.

38. This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. Prosecution as a class action will eliminate the possibility of repetitive litigation. There will be no material difficulty in the management of this action as a class action. By contrast, prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Insight and its current and former California-based employees.

## **FIRST CLAIM FOR RELIEF**

(Declaratory Relief - 28 U.S.C. § 2201(a))

(On Behalf of the Class)

(Against Defendant Insight)

39. Plaintiff John Barker, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference the allegations of paragraphs 1 through 38, inclusive, above, as though fully set forth herein.

40. A real and actual controversy of sufficient immediacy and reality to warrant declaratory relief exists between the parties as to the enforceability of the non-solicitation of customers provision in Insight's employment agreements with and offer letters to its California employees.

41. On information and belief, Insight contends that the class members must abide by their alleged contractual obligation to not solicit any actual or prospective customers of Insight for one year after the termination of their employment with Insight. In fact, Insight's General Counsel and Secretary, David C. Lowance, Jr., reminded Mr. Barker of his alleged non-solicitation obligation in his October 26, 2016 letter advising Mr. Barker of the termination of his employment. *See* attached Exhibit 3.

42. Mr. Barker, on behalf of himself and all others similarly situated, contends that the non-solicitation provision in Insight's employment agreements and offer letters are unlawful restrictions on the class members' ability to engage in their profession of choice, and are void and unenforceable under California Business and Professions Code section 16600 and the case law interpreting and applying it.

43. The controversy between the class members and Insight is thus real and substantial. Mr. Barker, on behalf of himself and all others similarly situated, demands specific relief through a decree of a conclusive character that the class members have the immediate right to solicit and obtain business from Insight's customers and potential customers upon the termination of their employment with Insight. The nature and extent of the adverse legal interests between the class members and Insight are apparent, and the controversy is definite and concrete.

44. The class members are entitled to a declaratory judgment that they have the immediate right to solicit and obtain business from Insight's customers upon the termination of their employment with Insight.

45. Additionally, the class members are entitled to a temporary restraining order and preliminary and permanent injunctions enjoining and restraining Defendants from enforcing the unlawful and unenforceable non-solicitation provisions. Mr. Barker is informed and believes, and on that basis alleges, that unless Insight is enjoined, it will seek to enforce its unlawful and unenforceable non-solicitation provision, thus inflicting great and irreparable harm on Mr. Barker

and the class members. The class members' remedy at law is not by itself adequate to compensate them for the harm inflicted by Insight.

### SECOND CLAIM FOR RELIEF

(Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

(On Behalf of the Class)

(Against Defendant Insight)

46. Plaintiff John Barker, on behalf of himself and all others similarly situated, hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. Insight's conduct as described herein, including without limitation the inclusion of facially unlawful non-solicitation of customers provision in its offer letters to and employment agreements with the class members, constitutes unlawful, unfair and/or fraudulent business acts or practices prohibited by California Business and Professions Code sections 17200, *et seq.*

48. Insight's inclusion of facially unlawful non-solicitation of customers provisions in its offer letters and employment agreements directly undermine the fundamental statutory policy (articulated in Business and Professions Code section 16600) favoring competition and employee mobility. The mere inclusion of the unlawful non-solicitation provisions is an unlawful and unfair business practice because the average employee would honor the unlawful provision without consulting counsel or challenging the provision in court. Additionally, the mere inclusion of the unlawful non-solicitation provisions discourages employees from terminating their employment with Insight and seeking employment with a competitor or forming a competing business, because the unlawful provisions place a substantial segment of the market off limits to the employees. Thus, as a direct and proximate result of the inclusion of the unlawful provision, the class members have suffered damages and Insight has profited.

49. Insight's unlawful conduct was a substantial factor in causing the class members' damages.

50. By this action, the class members seek full restitution of Insight's ill-gotten gains and injunctive relief prohibiting Insight from enforcing any of its unlawful and void restrictive covenants against the class members and relief prohibiting Insight from including any of its

unlawful and void restrictive covenants in its offer letters and employment agreements, pursuant to Section 17203 of the California Business and Professions Code.

### THIRD CLAIM FOR RELIEF

(Claim for Benefits - 29 U.S.C. § 1132(a)(1)(B))

(On Behalf of John Barker)

(Against Defendants Insight and Insight Plan)

51. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52. Under the Insight Plan, Mr. Barker was entitled to receive payment after the termination of his employment with Insight of units of value accumulated over the course of his employment with Insight in the amount of $344,304.00.

53. Upon information and belief, Insight alleges that the Insight Plan is governed by ERISA.

54. Insight unfairly deprived Mr. Barker of his right to obtain the benefits that he was entitled to receive under the Incentive Unit Plan by terminating Mr. Barker's employment and falsely claiming that Mr. Barker's termination was for "cause." Upon information and belief, Insight falsely claimed that the termination of Mr. Barker's employment was for "cause" in order to unfairly deprive Mr. Barker of his right to receive payment of the units of value accumulated over the course of his employment under the Incentive Unit Plan.

55. Mr. Barker is not obligated to exhaust the Insight Plan's administrative appeals process because any resort by Mr. Barker to the administrative process would be futile, in that there is a certainty of an adverse decision. Upon information and belief, Insight terminated Mr. Barker's employment (and falsely claimed that the termination of Mr. Barker's employment was for "cause") specifically in order to deprive Mr. Barker of the benefits of the Insight Plan. Thus, an appeal to Insight's Board of Directors (the same Board which, according to Paragraph 10(a) of the Plan, made the purported determination that Mr. Barker's termination was for "cause") would be futile.

56. Pursuant to Section 502(a)(1)(B) of ERISA, Mr. Barker is owed, and seeks recovery of, the units of value accumulated over the course of his employment with Insight under the Insight Plan in the amount of $344,304.00.

**FOURTH CLAIM FOR RELIEF**

(Interference with Right Under ERISA Plan – 29 U.S.C. §1140)

(On Behalf of John Barker)

(Against Defendant Insight)

57. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 56, inclusive, of this Complaint as though fully set forth herein.

58. Under Section 510 of ERISA, it is unlawful for an employer to discharge, fine, suspend, expel, discipline, or discriminate against a participant in or a beneficiary of an ERISA plan for the purpose of interfering with the attainment of any right to which such participant may become entitled under the Plan.

59. Upon information and belief, Insight terminated Mr. Barker's employment and falsely claimed that the termination of Mr. Barker's employment was for "cause" in order to, and with the specific intent to, unfairly interfere with Mr. Barker's right to receive payment of the units of value accumulated over the course of his employment under the Insight Plan to which Mr. Barker was entitled, and with the specific intent of violating Section 510 of ERISA

60. Mr. Barker is entitled to appropriate equitable relief to remedy Insight's violation of Section 510 of ERISA.

**FIFTH CLAIM FOR RELIEF**

(Breach of Fiduciary Duty – 29 U.S.C. §§ 1109 and 1132(a)(3))

(On Behalf of John Barker)

(Against Defendant Insight)

61. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth herein.

62. As the administrator of the Insight Plan with sole and absolute discretionary authority and responsibility over the Insight Plan, Insight had a fiduciary duty to the Insight Plan and its

participants and beneficiaries, including without limitation Plaintiff John Barker, to act solely in the interest of the Plan participants and with the exclusive purpose of providing benefits to them.

63. Insight breached its fiduciary duty by, among other things, (1) terminating Mr. Barker's employment (and falsely claiming that the termination of Mr. Barker's employment was for "cause") with the specific intent to deprive Mr. Barker of the benefits of the Insight Plan; (2) implementing and participating in a biased and pre-determined claims procedure in which participants making claims for benefits are not afforded the same opportunity as Insight to present evidence of their entitlement to benefits, and in which the person advocating on behalf of Insight and against the Plan participant, Insight's General Counsel David Lowance, also acts as the decision maker's legal counsel and as secretary during the claim review proceedings; and (3) using the Plan as "golden handcuffs" to prevent its former employees from competing with Insight, by denying benefits to any employee who leaves Insight to work for a competitor.

64. Mr. Barker is informed and believes that Insight has a pattern and practice of using its facially unlawful post-employment restrictive covenants, including non-solicitation of customers, clients and employees provisions, as a weapon in its ongoing unfair and unlawful competition scheme. Insight in its sole and absolute discretion determines whether former employee-Plan participants forfeit hundreds of thousands of dollars in earned, deferred compensation if they leave Insight to work for a competitor, citing its facially unlawful restrictive covenants as "cause" for termination and forfeiture of earned, deferred compensation. Insight also uses its facially unlawful post-employment restrictive covenants to threaten and intimidate Insight employee-Participants and its employees generally from leaving to work for the competition, and the specific purpose and intent of furthering its unlawful competition scheme by threatening employee-Participants with forfeiture of hundreds of thousands of dollars in earned, deferred compensation if they leave to work for a competitor..

65. As a result of Insight's breach of its fiduciary duty, Mr. Barker suffered injury separate and distinct from denial of benefits, including without limitation the wrongful termination of his employment, and therefore is entitled to recover additional damages under Section 502(a)(3) of ERISA.

## SIXTH CLAIM FOR RELIEF

(Waiting Time Penalties – Cal. Labor Code § 203)

(On Behalf of John Barker)

(Against Defendant Insight)

66. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 65, inclusive, of this Complaint as though fully set forth herein.

67. Labor Code section 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon discharge. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty workdays.

68. Insight willfully failed to pay Mr. Barker to timely pay Mr. Barker's compensation and wages upon termination. Insight did not provide Mr. Barker with his alleged final paycheck until November 4, 2016, seven business days after his termination. Mr. Barker's alleged final paycheck also did not include his unused, vested Paid Time Off.

69. Mr. Barker is entitled to waiting time penalties under Labor Code section 203.

## SEVENTH CLAIM FOR RELIEF

(Failure to Pay Unused Vested Paid Time Off at Termination – Cal. Labor Code § 227.3)

(On Behalf of John Barker)

(Against Defendant Insight)

70. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 69, inclusive, of this Complaint as though fully set forth herein.

71. At the time of the termination of Mr. Barker's employment with Insight, Mr. Barker had unused, vested Paid Time Off.

72. Insight failed to pay Mr. Barker his unused, vested Paid Time Off.

73. Insight's conduct resulted in harm to Mr. Barker, in an amount to be proved at trial of this action.

# EIGHTH CLAIM FOR RELIEF

(Defamation)

(On Behalf of John Barker)

(Against Defendant Insight)

74. Plaintiff John Barker hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 73, inclusive, of this Complaint as though fully set forth herein.

75. Insight, through its employees acting in the course and scope of their employment, intentionally and maliciously published, and caused to be published, numerous false, defamatory, unprivileged statements concerning Mr. Barker, to third parties who understood the defamatory meaning and application to Mr. Barker, which have a natural tendency to injure or that cause special damage to Mr. Baker, as they tend to injure Mr. Barker in respect to his office, business or profession and, by natural consequence, cause actual damage to Mr. Barker, including without limitation that Mr. Barker had allegedly "cussed out" his manager, Matt Gonsalves, and made inappropriate statements to him, and that Mr. Barker allegedly "was not performing well on his sales metrics," or words to that effect

76. In publishing the above false statements of fact, and other provably false statements of fact, Insight acted with malice, ill will, revenge and spite toward Mr. Barker. Insight's actions evidenced a willingness and desire to vex and injure Mr. Barker.

77. As a result of Insight's false, malicious and defamatory statements, Mr. Barker has suffered general damages according to proof, including limitation loss of reputation, mortification, shame and hurt feelings.

78. As a result of Insight's false, malicious and defamatory statements, Mr. Barker has suffered special damages according to proof, including without limitation damage to Mr. Barker's property, business, trade, profession or occupation.

79. In publishing the above false statements of fact, and other provably false statements of fact, Insight acted with malice, ill will, revenge and spite toward Mr. Barker justifying an award of punitive damages to make an example of and punish Insight, and to deter future unlawful conduct

such as the defamation and other unlawful conduct described in this Complaint, in an amount to be determined by the jury at the trial of this action.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the foregoing, Plaintiff JOHN BARKER, on behalf of himself and all others similarly situated, prays for relief as follows:

1. Certification of the class, with Mr. Barker as the designated Class Representative and his counsel as Class Counsel;

2. Recovery of actual damages from Insight according to proof at trial, including without limitation all compensation due to Mr. Barker under the Incentive Unit Plan;

3. A declaratory judgment that the class members have the immediate right to solicit and obtain business from Insight's customers after the termination of their employment with Insight.

4. A temporary restraining order and preliminary and permanent injunctions enjoining and restraining Insight from enforcing the unlawful and unenforceable non-solicitation of customers provisions and including the unlawful and unenforceable non-solicitation of customers provisions in subsequent employment agreements with and offer letters to California employees.

5. Recovery of restitution from Insight in an amount to be determined at trial, and/or any interest in money or property, which may have been acquired by means of Insight's unfair competition and other unlawful acts;

6. Where appropriate under the Cause of Action alleged, an award of punitive damages;

7. Where appropriate under the Cause of Action, an award of emotional distress damages;

8. An award of civil penalties pursuant to Labor Code section 203;

9. Mr. Barker's attorneys' fees incurred in connection with this action, including prevailing party contractual attorney's fees based on a judgment finding that the contractual provisions are void and unenforceable and statutory attorney's fees pursuant to Labor Code section 2802(c);

10. Mr. Barker's costs incurred in connection with this action; and

11. Such other and further relief as the Court deems just and proper.

### **JURY TRIAL DEMANDED**

Plaintiff JOHN BARKER demands a trial by jury on all issues triable of right by jury.

DATED: December 12, 2017         PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:      /s/Tyler M. Paetkau
Tyler M. Paetkau (Bar No. 146305)
Olga Savage (Bar No. 252009)
Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER