UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 5:16-cv-07186-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 11**<br><br>Re: Dkt. No. 172 |

In Discovery Dispute Joint Report ("DDJR") #11, Insight Global, LLC ("Insight") seeks an order compelling plaintiff, John Barker ("Barker"), to produce certain document(s) referenced in the offer letter from his new employer, Beacon Hill, which might impose non-solicitation and non-competition restrictions on Barker in conjunction with his Beacon Hill employment.

Why would Insight want copies of any such documents? First, Insight says that any non-solicitation/non-competition agreement between Barker and Beacon Hill is relevant to the suitability of Barker as a class representative. If he signed such an agreement, then he may not be really interested in obtaining an order from this court declaring that Insight's non-solicitation/non-competition agreement, which was required of him and all the presumptive class members, really is invalid under California law. That is, Barker might someday just "fold his cards" and abandon or sell out his quest for declaratory relief on behalf of the putative class.

Second, Insight represents that Beacon Hill, Barker's new employer, is paying all his legal fees in this litigation. Accordingly, says Insight, Beacon Hill may well not want Barker to push too hard to get the class-wide declaratory relief his lawsuit seeks because a finding of invalidity under California law of Insight's competition/solicitation restrictions could hurt Beacon Hill as well.

Finally, Insight argues that the documents it wants should have been produced long ago in compliance with this court's order on DDJR #5.

Barker opposes producing anything responsive to this request as irrelevant to any issue in this lawsuit, and urges that Insight's argument that it would have evidentiary value in assessing his suitability as a class representative is nonsense. First, the lawsuit was brought to recover his unpaid deferred compensation, and success on that claim hinges in part on invalidating Insight's non-competition/non-solicitation restrictions. His defense to the counterclaim that followed also relies on invalidating those same restrictions. Invalidating those restrictions is the heart and soul of Barker's case.

Second, the court is told that Beacon Hill says it is currently being sued by Insight in six different courts throughout the United States for soliciting away Insight employees, and its defense to these suits is enhanced (certainly in California) if Barker prevails in invalidating Insight's restrictions in this case. If Beacon Hill harbored the secret intention that Insight speculates it might have, then, presumably, Beacon Hill would never have agreed to foot the legal bill for Barker from the very beginning.

Finally, in DDJR #5, this court was again tasked with reining in Insight's penchant for making unwarranted, sweeping requests for documents and information, and again narrowing the requests down to what the court thought was legitimate. It wound up ordering production of documents sufficient to show Barker's "compensation," which the court described as (1) what he was to be paid, and (2) whether he received from Beacon Hill the deferred compensation Insight denied him. Despite the rosy gloss Insight tries to paint on that order, this court unequivocally states that it was not ordering production of what Insight is now seeking.

The court is unpersuaded as to the relevance if the document(s), if they exist, now being

2

sought by Insight. Even if they do exist, this court is unpersuaded as to the claimed importance of the discovery in resolving the issues and believe it would only be an unhelpful distraction. Insight's request is denied.

SO ORDERED.

Dated: March 16, 2018

HOWARD R. LLOYD
United States Magistrate Judge