1
2 **UNITED STATES DISTRICT COURT**
3 **NORTHERN DISTRICT OF CALIFORNIA**
4 **SAN JOSE DIVISION**
5

| | |
|---|---|
| JOHN BARKER,<br><br>  Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>  Defendants. | Case No. 16-cv-07186-BLF<br><br>**ORDER GRANTING WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 164] |

Plaintiff John Barker brings this action against his former employer Insight Global, LLC ("Insight Global") and the company's employee benefit plan, Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan. Barker asserts that Insight Global enforces an unlawful employment agreement, denied him benefits under the employee benefit plan, and wrongfully deprived him of his employment benefits upon termination.

Before the Court is Defendants' motion to dismiss certain claims in Barker's Third Amended Complaint ("TAC"). Mot., ECF 164. For the reasons stated below, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART and DENIED IN PART.

**I.    BACKGROUND**

Insight Global is a company that provides staffing services in the information technology, finance, accounting, engineering and government industries. TAC ¶ 3, ECF 162. Barker worked for Insight Global from March 13, 2006 to October 26, 2016, when Insight Global abruptly terminated his employment. *Id.* ¶ 5. From September 2009 to October 26, 2016, Barker worked as an Account Manager, Sales Manager and Director of Operations at Insight Global's San Jose and San Francisco, California offices. *Id.*

### i. The Parties' At-Will Employment Agreement

Insight Global and Barker executed several versions of an At-Will Employment Agreement. TAC ¶ 11. According to the TAC, the November 17, 2015 At-Will Employment Agreement, which is the most recent version, contains several allegedly unlawful provisions. *Id.* ¶¶ 11–15. First, the TAC alleges that the At-Will Employment Agreement contains an "Agreement Not to Solicit Customers and Clients" provision that prohibits Barker from soliciting customers for one year after the termination of his employment with Insight Global. *Id.* ¶ 12. Specifically, paragraph 5 of the At-Will Employment Agreement provides the following "non-solicitation of customers" provision:

> 5. <u>AGREEMENT NOT TO SOLICIT CUSTOMERS AND CLIENTS</u>. Except when acting for and on behalf of Employer, Employee agrees that, during the Restricted Period, Employee shall not directly or indirectly solicit, or attempt to solicit, on behalf of any Competing Staffing Business . . . any actual or prospective customer or client of Employer (a) regarding whom Employee was responsible for collecting, compiling, or recording Confidential Business Information or Trade Secrets for Employer, or (b) about whom Employee received Confidential Business Information or Trade Secrets as a result of Employee's employment with Employer.

Ex. 1 to TAC ("At-Will Employment Agreement"), ECF 162.

Second, the TAC alleges that the At-Will Employment Agreement contains an "Agreement Not to Solicit Employees" provision that prohibits Barker from soliciting Insight Global's employees for one year after the termination of his employment with Insight Global. TAC ¶ 15. In this regard, paragraph 4 of the At-Will Employment Agreement states the following "non-solicitation of employees" provision:

> 4. <u>AGREEMENT NOT TO SOLICIT EMPLOYEES</u>. Employee agrees that, during Employee's employment with Employer and for one (1) year after the termination of such employment (the "Restricted Period"), Employee shall not directly or indirectly, or in concert with others, solicit or encourage any person who is an employee of, or contractor or consultant for, Employer, to resign from or terminate such employment or consulting relationship with Employer. Employee further agrees that Employee shall not, during the Restricted Period, . . . solicit or encourage any person who is, or within one year prior to the solicitation was, an employee of Employer providing staffing services for Employer, to perform staffing services for any corporation, individual, enterprise, entity or association that competes with Employer in Employer's Business (a

2

"Competing Staffing Business").

At-Will Employment Agreement. Barker alleges that the non-solicitation of customers and employees provisions are unlawful under California law. *See, e.g.*, TAC ¶ 45.

### ii. The Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan

Around January 2013, Insight Global and Barker executed the Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan (the "Plan"), which provides deferred compensation payable after the termination of his employment. TAC ¶ 19. The amount of compensation is in "Units" of value accumulated over the course of employment. *Id.* The Plan requires that an employee forfeit all Units if the Plan's Board determines that the individual's employment was terminated for "cause." *Id.* ¶ 20. According to the TAC, the Plan conditions payment on compliance with several non-compete and non-solicitation provisions that are unlawful in California. *Id.* ¶ 21. The Plan also contains a severability provision, which states that the non-compete and non-solicitation provisions do not apply to employees who are residents of California at the time of termination of their employment. *Id.* ¶ 22.

### iii. Termination of Barker's Employment at Insight Global

On October 26, 2016, Insight Global terminated Barker's employment without explanation. TAC ¶ 24. Insight Global's General Counsel and Secretary, David C. Lowance, Jr., sent a letter to Barker, stating that "I regret to inform you that we consider your termination to be for 'cause.'" *Id.* The termination letter also "reminded" Barker of his purported obligations "not to (1) compete against Insight Global in its lines of business within certain geographic areas, (2) solicit any of the customers or prospective customers with whom [he] had material contact while at Insight Global." *Id.* ¶ 26. According to the TAC, Insight Global falsely claimed "for 'cause'" termination to deprive Barker of his earned deferred compensation under the Plan which amounts to about $344,304. *Id.* ¶ 24. Insight Global further threatened legal action or forfeiture of benefits under the Plan. *Id.* ¶ 26.

### iv. Barker's Claims

Barker filed this action on December 15, 2016. ECF 1. The operative TAC asserts eight causes of action: (1) declaratory relief; (2) violation of California's Unfair Competition Law; (3)

1 claim for benefits under ERISA plan, 29 U.S.C. § 1132(a)(1)(B); (4) interference with right under

2 ERISA plan, 29 U.S.C. § 1140; (5) breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1109 and

3 1132(a)(3); (6) waiting time penalties, California Labor Code § 203; (7) failure to pay unused

4 vested time off at termination, California Labor Code § 227.3; and (8) defamation.

5 The first two causes of action are brought on behalf of a purported class against Insight

6 Global. TAC ¶¶ 42–53. The class is defined as follows:

> All persons employed at any time by Insight [Global] in California during the period from December 15, 2012 to the present who signed an employment agreement with Insight [Global] or received an offer letter from Insight [Global] that contained a non-solicitation of customers and/or non-solicitation of employees provision.

*Id.* ¶ 33.

Barker brings the remaining causes of action as his individual claims. TAC ¶¶ 54–82.

Defendants move to dismiss the first, second, fourth, and fifth causes of action. *See* Mot.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). If the plaintiff lacks Article III standing to assert a claim, then the court lacks subject matter jurisdiction, and the claim must be dismissed. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101–02 (1998). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

4

considering such a motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. REQUEST FOR JUDICIAL NOTICE

Barker requests that the Court take judicial notice of the following three documents: (1) the San Diego Superior Court's decision in *AMN v. Grubaugh, Trinity Health Staffing Group, Inc., et al.*, San Diego County Superior Court Case No. 37-2014-00024257-CU-CO-CTL (June 19, 2015); (2) the San Diego Superior Court's decision in *AMN v. Aya Healthcare Services, Inc.*, Case No. 37-2015-00033229-CU-BT-CTL (Nov. 4, 2016); and (3) the California Court of Appeal's Docket in *AMN v. Aya Healthcare Services, Inc.*, Case No. D071924. Request for Judicial Notice ("RJN"), ECF 167.

Defendants oppose the RJN. Reply 9–12, ECF 171. Regarding the first two state court decisions, Defendants argue that it is inappropriate for the Court to take judicial notice of legal authority. *Id.* at 10. Defendants, however, admit that the Court "may take judicial notice of the existence of unrelated court documents" although "not for the truth of the matter asserted therein." *Id.* (citing *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1014 (S.D. Cal. 2016)). Accordingly, the Court GRANTS Barker's request for judicial notice of existence of the two state court decisions but will not take judicial notice that those decisions are correct. *See Lucero v. Wong*, No. C 10-1339, 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011).

Regarding the California Court of Appeal's docket in *AMN v. Aya Healthcare Services, Inc.*, Defendants assert that the docket of a pending state appellate case is irrelevant to determining the issues presented in this case. Reply 11–12. However, like the first two state court decisions, the Court may take judicial notice of existence of the docket in *Aya Healthcare*. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that a court may take judicial notice of court filings and other matters of public record). The Court therefore GRANTS Barker's request for judicial notice of the docket in *Aya Healthcare*. Although the relevance of

5

that court docket is not clear, the Court will afford the document the weight it deserves.

## IV. DISCUSSION

The Court now turns to Defendants' motion to dismiss. Defendants move to dismiss the first and second claims pursuant to Rule 12(b)(1) on the grounds that Barker lacks standing. Defendants also seek to dismiss the first and second claims for failure to state a claim pursuant to Rule 12(b)(6) to the extent that those claims challenge the enforceability of the non-solicitation of employees provision. In addition, Defendants challenge the fourth and fifth claims for failure to state a claim pursuant to Rule 12(b)(6). Finally, Defendants assert that Barker's jury demand with respect to his ERISA claims should be stricken because he has no right to a jury trial for those claims.

### A. First Claim (Declaratory Relief) and Second Claim (Violation of California's Unfair Competition Law): Class Action Claims

Under the TAC's first claim, Barker seeks declaratory judgment that the non-solicitation of customers and employees provisions in Insight Global's employment agreements and job offer letters are unenforceable under California law. TAC ¶¶ 42–47. Barker's second claim asserts that Insight Global's inclusion of the non-solicitation of customers and employees provisions violate California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* TAC ¶¶ 49–53. For both claims, Barker requests injunctive relief. *Id.* ¶¶ 48, 53. As for his UCL claim, Barker further seeks restitution of Insight Global's "ill-gotten gains" on behalf of the purported class members. *Id.* ¶ 53.

#### i. Defendants' Request to Dismiss the First and Second Claims under Rule 12(b)(1)

Defendants raise several arguments why Barker lacks standing to represent the purported class members. Mot. 9–11. First, Defendants argue that Barker fails to allege that he "suffered any injury stemming from the customer and employee non-solicitation provision[s]." *Id.* at 9. In support, Defendants point to Barker's deposition testimony. *Id.* (citing Barker Dep., ECF 89-1). According to Defendants, soon after he was fired, Barker received multiple job offers from staffing companies and Barker was hired by Beacon Hill despite the fact that he informed the new employer about Insight Global's non-solicitation provisions. *See id.* (citing Barker Dep. 122–24,

1 134, 191, 234). Second, Defendants contend that Barker cannot represent others because he is no longer subject to the non-solicitation provisions, which expired one year after Barker's termination date of October 26, 2016. *Id.* at 9–10. Third, Defendants assert that Insight Global has informed Barker that it would not enforce the customer non-solicitation provision in the At-Will Employment Agreement against Barker. *Id.* at 10. On this basis, Defendants claim that Barker cannot allege that he faces a real and immediate threat by the allegedly unlawful customer non-solicitation provision. *Id.*

Barker disagrees. As a first issue, Barker responds that the Court should disregard all extrinsic evidence cited by Defendants. Opp'n 2. In Barker's view, the Court may not consider extrinsic evidence at this stage on the grounds that a factual challenge to subject matter jurisdiction is allowed only after Defendants have filed an answer to the relevant claims. *See id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977)). Second, Barker argues that he suffered injury from Insight Global's "mere inclusion of . . . unlawful anti-competitive provision[s]," *id.* at 3, and "its threats to enforce them," *id.* at 4. According to Barker, he was unhappy with his job for a significant time prior to his termination but the non-solicitation provisions discouraged him from seeking better employment elsewhere. *Id.* at 4. Third, Barker contends that he faces a threat of injury because Insight Global may pursue litigation against Barker in the future to enforce the non-solicitation provisions. *Id.* He also takes issue that Insight Global did not sign a proposed stipulation that it will not enforce the non-solicitation of customers provision against Barker. *Id.* at 5–6.

As a preliminary issue, the Court is unpersuaded by Barker's contention that it may not consider extrinsic evidence at this stage to determine whether Barker has standing. Barker's argument based on footnote 17 of *Mortensen* is incorrect. The Third Circuit overruled its dictum provided in that footnote. *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) ("Long before *Mortensen,* the Supreme Court made clear that a facially sufficient complaint may be dismissed before an answer is served if it can be shown by affidavits that subject matter jurisdiction is lacking."). More importantly, under Ninth Circuit law, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as

7

affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction" when considering a Rule 12(b)(1) motion. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Accordingly, the Court may review extrinsic evidence submitted by the parties.

The Court next addresses the first and second claims based on the non-solicitation of customers provision and non-solicitation of employees provision.

### a. First Claim (Declaratory Relief) Based on the Non-Solicitation of Customers Provision

To establish Article III standing, a plaintiff must allege: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causal connection between the alleged injury and offensive conduct, and (3) that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff seeking injunctive relief must show a "real or immediate threat that the plaintiff will be wronged" in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001), *as amended* (Aug. 15, 2001). Likewise, a plaintiff seeking declaratory relief "must show 'a very significant possibility' of future harm in order to have standing to bring suit." *Coral Construction Co. v. King County*, 941 F.2d 910, 929 (9th Cir. 1991); *see also Medina v. Becerra*, No. 3:17-CV-03293 CRB, 2017 WL 5495820, at *8 (N.D. Cal. Nov. 16, 2017). "The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical." *Coral Construction*, 941 F.2d at 929 (citation omitted).

Here, as Defendants argue (Mot. 9), the non-solicitation of customers provision expired on October 26, 2017. Moreover, Insight Global stipulated in its email correspondence to Barker's counsel that it will not enforce the non-solicitation of customers provision against Barker. Mot. 10; Reply 6; *see also* Ex. H to Marquardt Decl., ECF 89-1. This email correspondence is a binding agreement. Thus, the fact that Insight Global did not sign Barker's proposed stipulation is irrelevant. Moreover, during the hearing, Insight Global's counsel confirmed on the record that

Insight Global will not enforce the non-solicitation of customers provision against Barker. As such, Barker cannot show that he faces "real or immediate threat" of injury or "a very significant possibility" of future harm based on the speculative future enforcement of that provision. *Lyons*, 461 U.S. at 111; *Coral Construction*, 941 F.2d at 929.

As mentioned, Barker asserts that he suffered injury from the "mere inclusion" of unlawful non-solicitation provisions in his At-Will Employment Agreement. *See* Opp'n 3. Some courts have held that the mere inclusion of an unlawful restrictive covenant is unlawful. *See Couch v. Morgan Stanley*, 2015 WL 4716297, at *20–21 (E.D. Cal. 2015). Barker also asserts that he suffered injury because he was unhappy with his job but was discouraged from seeking better employment due to the restrictive covenants.[1] Opp'n 4.

However, even assuming that the At-Will Employment Agreement contained an unlawful non-solicitation of customers provision and that the complaint pled that Barker suffered injury because he was unhappy with his job and was discouraged from seeking alternative employment, the purported injury that occurred in the past due to the inclusion of that provision does not confer standing for declaratory and injunctive relief. *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing." (quoting *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009)); *Lyons*, 461 U.S. at 111 (holding that a plaintiff seeking injunctive relief must show a "real or immediate threat" of future injury). As discussed above, Barker cannot show a threat of future harm based on the non-solicitation of customers provision because it has expired and Insight Global stipulated that the non-solicitation of customers provision will not be enforced against Barker.

Accordingly, Barker does not have standing to seek declaratory relief and injunctive relief for his first claim with respect to the non-solicitation of customers provision. Defendants' motion to dismiss the first claim with respect to the non-solicitation of customers provision under Rule 12(b)(1) is GRANTED WITHOUT LEAVE TO AMEND.

---

[1] This assertion is not pled in the TAC.

9

### b. First Claim (Declaratory Relief) Based on the Non-Solicitation of Employees Provision

Defendants argue that the non-solicitation of employees provision expired on October 26, 2017 and thus Barker does not have standing to represent other purported class members. Mot. 9–10; *see* Reply 6. Defendants further contend that Insight Global has already asserted a counterclaim against Barker for allegedly breaching the employee non-solicitation provision and thus Insight Global cannot file a future lawsuit under claim and issue preclusion. Reply 7. Based on this premise, Defendants assert that Barker's claim of future injury is unfounded. *Id.*

The Court disagrees with Defendants' arguments. The fact that the one-year effective period of the employee non-solicitation provision expired does not relieve Barker of the threat of litigation. Unlike the customer non-solicitation provision, there is no binding stipulation that Insight Global will not sue Barker for allegedly breaching the employee non-solicitation provision for his conduct prior to October 26, 2017. After all, the statute of limitations for breach of contract is four years. Cal. Code Civ. Proc. § 337. In fact, as Insight Global admits, it is currently asserting a counterclaim based on the employee non-solicitation provision. *See* Second Amended Counterclaims, ECF 153. Also, Insight Global's argument that it cannot file a future lawsuit is unpersuasive. No final judgment on Insight Global's counterclaim has been entered, and thus Insight Global is not subject to claim and issue preclusion. The Court therefore finds that Barker's "threat of injury" is "actual and imminent" and thus he has standing to bring the first claim with respect to the employee non-solicitation provision. *Clark*, 259 F.3d at 1008 (holding that the plaintiff had standing to request declaratory and injunctive relief because the threat of injury was actual and imminent).

Accordingly, Defendants' motion to dismiss the first claim with respect to the non-solicitation of employees provision under Rule 12(b)(1) is DENIED.

### c. Second Claim (Violation of California's Unfair Competition Law) Based on the Non-Solicitation of Customers and Employees Provisions

The Court turns to Barker's second claim which asserts violation of California Business and Professions Code § 17200, the Unfair Competition Law ("UCL") based on the non-solicitation of customers and employees provisions. TAC ¶¶ 49–53.

Barker argues that the "mere inclusion" of an unlawful restrictive covenant in an employment agreement violates the UCL. Opp'n 3. As discussed earlier, some courts have held that the mere inclusion of an unlawful restrictive covenant is unlawful. *See Couch*, 2015 WL 4716297, at *20–21. As such, assuming the non-solicitation of customers and employees provisions are unlawful,[2] inclusion of those terms in the At-Will Employment Agreement may serve as a basis for Barker's UCL claim. However, this does not mean that Barker has standing to pursue his UCL claim.

A plaintiff asserting a UCL claim must satisfy both Article III and the UCL standing requirements. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009). To have standing to assert a UCL claim, the plaintiff must show that "she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010). Thus, the plaintiff asserting a UCL claim must have Article III standing in the form of economic injury. *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 991 (E.D. Cal. 2012).

Here, Barker contends that he suffered injury because he was unhappy with his job but was discouraged from seeking better employment due to the restrictive covenants. Opp'n 4. Defendants respond that the TAC contains no allegations that Barker attempted to seek alternative employment and that Barker's "after-the-fact claims about what he would have or could have done" is pure conjecture. Reply 5–6.

The Court finds that Barker's assertions that he was not happy with his job and that he was discouraged from searching for better employment are unavailing. Even if those assertions were pled in the TAC (which they are not), those assertions without more do not support a showing that Barker lost "money or property" as required under the UCL. *See Birdsong*, 590 F.3d at 960. For this reason, the Court concludes that Barker has not sufficiently pled that he has standing to pursue the UCL claim based on the non-solicitation of customers and employees provisions. Because Barker has not shown that he has standing, the Court need not determine whether he may seek

---

[2] Later in this order, the Court concludes that the non-solicitation of employees provision in the At-Will Employment Agreement is valid.

11

injunctive relief under the UCL.

The Court further notes that if Barker is seeking remedy for his "injury" based on his unhappiness, the monetary award he seeks may constitute damages. However, although disgorgement of certain profits is an available remedy, the UCL does not permit recovery of compensatory damages. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148, 1151 (Cal. 2003) ("Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest. . . . [But] a claim for damages[] . . . is not permitted.").

Based on the foregoing, Defendants' motion to dismiss the second claim pursuant to Rule 12(b)(1) is GRANTED WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART. Barker will be allowed to amend his second claim with respect to the non-solicitation of customers provision because he may be able to cure the above deficiencies by an amendment. On the other hand, Barker will not be allowed to amend the second claim with respect to the non-solicitation of employees provision because the Court also dismisses that claim pursuant to Rule 12(b)(6) without leave to amend as discussed below.

### ii. Defendants' Request to Dismiss the First and Second Claims under Rule 12(b)(6)

Defendants argue that Barker's first and second claims based on the non-solicitation of employees provision must be dismissed under Rule 12(b)(6) for failure to state a claim. Mot. 11. Specifically, Defendants contend that courts have followed *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (Ct. App. 1985) and repeatedly held that employee non-solicitation provisions are valid and enforceable. *Id.* at 11–15 (citing *Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013 (N.D. Cal. 2016); *Sonic Auto., Inc. v. Younis*, No. 15CV00717, 2015 WL 13344624 (C.D. Cal. May 6, 2015); *Arthur J. Gallagher & Co. v. Lang*, No. C 14-0909, 2014 WL 2195062, at *1 (N.D. Cal. May 23, 2014); *Dominion Enterprises v. LinkUSystems, Inc.*, No. SACV111852, 2012 WL 12886502 (C.D. Cal. Feb. 16, 2012); *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010)); Reply 8–9.

Barker responds that *Loral* is no longer good law in light of *Edwards v. Arthur Andersen*

*LLP*, 44 Cal. 4th 937 (Cal. 2008) and that the "legal landscape regarding non-solicitation of employees provisions is changing." Opp'n 8. In particular, Barker argues that *Edwards* rejected the application of the common law "rule of reasonableness" on agreements relating to restraint of trade. *Id.* at 9–10. Barker further contends that *Edwards* rejected the so-called "narrow restraint" exception to Cal. Bus. & Prof. Code § 16600. *Id.* at 11. In Barker's view, *Edwards* overruled *Loral*. *Id.*

In *Loral*, a company sued its former employee for breaching a non-solicitation of employees agreement. 174 Cal. App. 3d at 273–74. The agreement was "a former employee's agreement not to disrupt, damage, impair or interfere with his former employer by 'raiding' its work-staff." *See id.* at 275. *Loral* concluded that the non-solicitation of employees agreement did not create a severe restraint on trade, because the company's employees were free to seek employment with a competitor and those employees only lost the option of being first contacted by the defendant former employee. *Id.* at 279–80. As such, *Loral* held that the non-solicitation of employees agreement was not void under § 16600. *Id.* at 280.

The Court finds that the above holding of *Loral* is not overruled by *Edwards*. As Barker admits, *Edwards* analyzed a non-solicitation of customers provision as opposed to a non-solicitation of employees provision. 44 Cal. 4th at 941. Thus, *Edwards* did not reach the issue presented in *Loral*. To the extent that Barker suggests that *Edwards*' reasoning abrogated *Loral*, the Court is unpersuaded by Barker's argument. *Edwards* provides no clear indication that its reasoning covers situations involving employee non-solicitation agreements. In fact, *Edwards* noted that its opinion is limited given that the plaintiff did not "contend that the provision of the noncompetition agreement prohibiting him from recruiting [the defendant's] employees violated section 16600." *Id.* at 946 n.4.

Barker further argues that several courts have held that employee non-solicitation provisions are void in light of *Edwards*. Specifically, Barker cites *SriCom, Inc. v. EbisLogic, Inc.*, No. 12-CV-00904, 2012 WL 4051222 (N.D. Cal. Sept. 13, 2012). Opp'n 12. However, *SriCom* is distinguishable from this case. In *SriCom*, the contract provision at issue prevented one of the defendants (i.e., eBisLogic) from "soliciting or hiring" the plaintiff SriCom's employees. 2012

13

WL 4051222, at *3. The court held that the provision at issue was void because it "purports to restrain the consultants SriCom had placed with eBisLogic from *working directly* for eBisLogic." *Id.*, at *5 (emphasis added). As such, *SriCom* held that the contract provision was unenforceable because it contained an invalid "no-hire" provision, which is well established to be void under § 16600. This reading of *SriCom* is supported by the fact that the court relied on *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010), which held that employee non-solicitation provisions are valid whereas no-hire provisions are void, 2010 WL 546497, at *4–5. In contrast to *SriCom*, the At-Will Employment Agreement in this case does not include a no-hire provision. The Court therefore finds that *SriCom* is not applicable.

To be sure, *SriCom* relied on *Edwards* to address the plaintiff's arguments. 2012 WL 4051222, at *4–5. However, when discussing *Edwards*, the court was focused on "restraints on direct hiring" as opposed to solicitation of employees. *See id.*, at *5. Therefore, *SriCom* did not hold that *Edwards* overruled *Loral*. As such, *SriCom* does not change the Court's conclusion that *Loral* is good law.

Barker also asserts that two California Superior Court decisions held that *Edwards* abrogated *Loral*. Opp'n 13 (citing *AMN v. Grubaugh, Trinity Health Staffing Group, Inc., et al.*, San Diego County Superior Court Case No. 37-2014-00024257-CU-CO-CTL (June 19, 2015); *AMN v. Aya Healthcare Services, Inc.*, Case No. 37-2015-00033229-CU-BT-CTL (Nov. 4, 2016)).[3] Those unpublished state court decisions, however, have no precedential value. As discussed above, the Court finds that *Loral* is good law. Therefore, the Court will follow *Loral*'s holding. In fact, numerous courts have continued to hold that employee non-solicitation provisions are enforceable even after recognizing *Edwards*. *See, e.g.*, *Hendrickson*, 225 F. Supp. 3d at 1026, 1031; *Younis*, 2015 WL 13344624, at *2; *Lang*, 2014 WL 2195062, at *4; *Thomas Weisel*, 2010 WL 546497, at *5.

As a final point, the Court does not find persuasive Barker's argument that the California Court of Appeal will likely issue a published opinion that discredits *Loral* (Opp'n 15–16). The

---

[3] The two cases have been submitted as Exhibits 1 and 2 to Barker's RJN. ECF 167.

14

Court cannot decide the instant motion based on Barker's speculation that the Court of Appeal will likely issue an opinion in his favor in the near future.

For the above reasons, the non-solicitation of employees provision in the At-Will Employment Agreement is valid. *Loral*, 174 Cal. App. 3d at 280. The Court therefore GRANTS Defendants' motion to dismiss the first and second claims with respect to the non-solicitation of employees provision for failure to state a claim WITHOUT LEAVE TO AMEND.

**B.      Fourth Claim: Interference with Right Under ERISA Plan (29 U.S.C. § 1140)**

Under the TAC's fourth claim, Barker seeks relief for Insight Global's purported violation of § 510 of ERISA, which is codified as 29 U.S.C. § 1440. TAC ¶¶ 60–63. Section 510 of ERISA provides that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan[] . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[] . . . .

29 U.S.C. § 1140. The TAC alleges that Insight Global terminated Barker's employment and falsely claimed that the termination was for "cause" with the specific intent to unfairly interfere with Barker's right to receive "payment of the units of value accumulated over the course of his employment" under the Plan. TAC ¶ 62.

Defendants argue that Barker fails to plead facts showing that his termination by Insight Global was made in retaliation for exercising rights under the Plan or to prevent him from attaining any rights under the Plan. Mot. 19. For support, Defendants assert that Barker's benefits under the Plan were conditioned on his compliance with the Plan's terms and conditions. *Id.* at 19–20. Defendants further contend that Barker cannot allege that he was denied the Plan's benefits based on Insight Global's termination letter because benefits eligibility is determined by the Board, not by Insight Global management. *Id.* at 20. In Defendants' view, the TAC's allegation that Insight Global intended to deprive him of the Plan's benefits is a legal conclusion unsupported by factual allegations. *Id.*

Barker responds that the TAC adequately pleads that Insight Global had the specific intent

15

to interfere with his right to receive benefits under the Plan. Opp'n 16. According to Barker, Insight Global abruptly terminated Barker's employment without explanation and claimed that the termination was for "cause." *Id.* Barker asserts that Insight Global's argument that it terminated Barker for "cause" in its capacity as an employer but not for purposes of Barker's entitlement to benefits is an "absurd distinction without a difference" based on his view that Insight Global's termination letter exactly mirrors the language of the Plan. *Id.* at 17. In further support of his position, Barker contends that the Compensation Committee of the Plan worked in concert with Insight Global and used false excuses to deprive Barker of his earned benefits. *Id.*

The Court is unpersuaded by Barker's arguments. To recover under § 510, Barker "must show that [his] employment was terminated because of a specific intent to interfere with ERISA rights." *Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889, 896 (9th Cir. 1990). The TAC, however, alleges only in conclusory fashion that Insight Global terminated Barker's employment with the "specific intent" to interfere with Barker's rights to receive benefits under the Plan. *See* TAC ¶ 62. Conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Moreover, Barker's opposition relies on allegations that are not contained in the TAC. For example, Barker asserts that the Compensation Committee of the Plan worked in concert with Insight Global. *See* Opp'n 17. However, such an allegation is not pled in the TAC. The Court may not consider allegations not present in the operative complaint. For these reasons, the Court finds that the TAC does not sufficiently plead Barker's fourth claim.

Accordingly, the Court GRANTS Defendants' motion to dismiss the fourth claim WITH LEAVE TO AMEND. Barker's opposition suggests that he may have facts which may cure the deficiencies of his fourth claim. As such, Barker should be given an opportunity to amend the fourth claim. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (holding that a court granting a motion to dismiss should permit leave to amend unless it would be clearly futile).

### C. Fifth Claim: Breach of Fiduciary Duty under 29 U.S.C. §§ 1109 and 1132(a)(3)

Defendants argue that the TAC's fifth claim should be dismissed because the Plan is an ERISA "top hat" plan that is exempt from ERISA's fiduciary liability provisions. Mot. 16.

Barker agrees to exclude the fifth claim in an amended complaint. Opp'n 18. Accordingly, the Court GRANTS Defendants' motion to dismiss the fifth claim WITHOUT LEAVE TO AMEND.

### D. Barker's Jury Trial Demand

Defendants request the Court to strike Barker's jury trial demand with respect to his ERISA claims. Mot. 21. Defendants argue that a plaintiff has no right to a jury trial on ERISA causes of action. *Id.* Barker counters that Defendants' challenge to his jury trial demand is unnecessary because he expressly requests a jury trial "on all issues triable of right by jury." Opp'n 18 (citing TAC at 18:15). Defendants respond that Barker's counter argument is vague and ask the Court to expressly deny Barker from seeking a jury trial on any ERISA claim. Reply 15; *id.* at 15 n.8.

Barker does not provide any argument that he is entitled to a jury trial for his ERISA claims. As such, the Court GRANTS Defendants' request. To the extent that the Barker demands a jury trial on any ERISA claim, that request is hereby STRICKEN.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss the first claim with respect to the non-solicitation of customers provision for lack of standing is GRANTED WITHOUT LEAVE TO AMEND.

(2) Defendants' motion to dismiss the first claim with respect to the non-solicitation of employees provision for lack of standing is DENIED.

(3) Defendants' motion to dismiss the second claim with respect to the non-solicitation of customers provision for lack of standing is GRANTED WITH LEAVE TO AMEND.

(4) Defendants' motion to dismiss the second claim with respect to the non-solicitation of employees provision for lack of standing is GRANTED WITHOUT LEAVE TO AMEND.

(5) Defendants' motion to dismiss the first and second claims with respect to the non-solicitation of employees provision for failure to state a claim is GRANTED WITHOUT LEAVE TO AMEND.

(6) Defendants' motion to dismiss the fourth claim is GRANTED WITH LEAVE TO AMEND.

(7) Defendants' motion to dismiss the fifth claim is GRANTED WITHOUT LEAVE TO AMEND.

(8) Defendants' request to strike Barker's jury trial demand with respect to his ERISA claims is GRANTED. To the extent that Barker demands a jury trial on any ERISA claim, that request is hereby STRICKEN.

(9) Barker may file an amended complaint **within twenty-one (21) days** of the date of this order.

(10) As discussed at the hearing, if Barker amends (i) the second claim with respect to the non-solicitation of customers provision and (ii) the fourth claim, Defendants may file a motion to dismiss those amended claims. In that event, Defendants' opening brief and Barker's opposition brief shall be each limited to ten (10) pages. Defendants' reply brief shall be limited to five (5) pages. The Court may rule on that motion to dismiss without oral argument.

**IT IS SO ORDERED.**

Dated: July 24, 2018

_____
BETH LABSON FREEMAN
United States District Judge

18