Tyler M. Paetkau (Bar No. 146305)
Olga Savage (Bar No. 252009)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone: (650) 645-9027
Facsimile: (650) 687-8323
Email: tyler.paetkau@procopio.com

Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BARKER, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

INSIGHT GLOBAL, LLC, a Delaware limited liability company; and SECOND AMENDED AND RESTATED INSIGHT GLOBAL, LLC 2013 INCENTIVE UNIT PLAN,

Defendants.

INSIGHT GLOBAL, LLC, a Delaware limited liability company,

Defendant-Counterclaimant,

v.

JOHN BARKER, an individual,

Plaintiff-Counter-Defendant.

**Case No. 16-cv-07186 BLF**

**NOTICE OF MOTION AND MOTION BY PLAINTIFF AND COUNTER-DEFENDANT JOHN BARKER FOR RECONSIDERATION OF COURT'S 7/24/18 ORDER GRANTING IN PART WITHOUT LEAVE TO AMEND DEFENDANT/COUNTER-CLAIMANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**[Fed. R. Civ. P. 59 and 60]**

Date: TBD
Time: 9:00 a.m.
Courtroom: 3, 5th Floor
Judge: Hon. Beth Labson Freeman

Complaint Filed: December 15, 2016
Trial Date: January 6, 2020

## TABLE OF CONTENTS


**Page**

NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. INTRODUCTION ..... 2

II. STATEMENT OF FACTS ..... 2

A. The Court Dismissed Mr. Barker's Class Claims Based on Insight's Facially Unlawful Non-Solicitation of Employees Contractual Restraint Because It Concluded that the *Loral* Decision Remains Good California Law. ..... 2

B. The Court Invited Mr. Barker to Seek Reconsideration Based on the Outcome of *AMN v. Aya Healthcare.* ..... 4

C. On November 1, 2018, the *AMN v. Aya* Court Issued a Published Decision Discrediting *Loral*. ..... 5

III. ARGUMENT ..... 7

A. The Court Should Reconsider Its Order Because the *AMN v. Aya* Case Represents a New, Material Change in Law. ..... 7

B. Mr. Barker is Entitled to Pursue Claims for Declaratory and Injunctive Relief, Restitution and Attorney's Fees ..... 9

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*American Econ. Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246 (N.D. Cal. 1994)............................... 9
*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, __ Cal. Rptr. 3d ___, 2018 WL 5669154 (Nov. 1, 2018)........................................................................................................ passim
*AMN v. Aya Healthcare Services, Inc.*, Case No. 37-2015-00033229-CU-BT-CTL (Nov. 4, 2016)........................................................................................................ 6
*Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998).................................. 4
*Couch v. Morgan Stanley*, 2015 WL 4716297 (E.D. Cal. 2015) ..................................................... 5
*Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564 (2009) .................................................... 4
*Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008)............................................................ passim
*Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985)............................................................... passim
*Marriage of Shaban*, 88 Cal. App. 4th 398 (2001) .......................................................................... 10
*Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 (9th Cir. 1989)................................ 9
*Robinson v. U–Haul Co. of Cal.*, 4 Cal. App. 5th 304 (2016).......................................................... 4
*Tutt v. Van Voast*, 36 Cal. App. 2d 282 (1939) ............................................................................... 10

**Statutes**

Cal. Bus. & Prof. Code § 16600..................................................................................... 3, 7, 8
Cal. Bus. & Prof. Code § 16601............................................................................................ 8
Cal. Bus. & Prof. Code § 16602............................................................................................ 8
Cal. Bus. & Prof. Code § 17200......................................................................................... 5, 9

**Rules**

U.S.D.C Cal. Northern District Civil L. R. 7-9(b)(2)........................................................... 9

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE is HEREBY GIVEN that on _______________, 2018 at 9:00 a.m., in Courtroom 3, 5th Floor, of the above-entitled Court, The Honorable Beth Labson Freeman, United States District Court Judge presiding, located at 280 South 1st Street, San Jose, California 95113, Plaintiff and Counter-Defendant John Barker will move the Court for an order reconsidering the Court's July 24, 2018 Order (ECF No. 176), dismissing without leave to amend the First and Second Claims in Mr. Barker's Third Amended Complaint predicated on Defendant Insight Global, LLC's inclusion of a facially unlawful post-employment non-solicitation of employees contractual restraint in its employment agreements with its California employees. Mr. Barker makes this Motion on the ground that a recent California Court of Appeal precedential decision, *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, __ Cal. Rptr. 3d ___, 2018 WL 5669154 (Nov. 1, 2018), discredited the decision in *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985), on which the Court relied in finding that the post-employment non-solicitation of employees contractual restraint employed by Insight with its California employees, including Mr. Barker, is valid and enforceable, and dismissing Mr. Barker's claims without leave to amend.

Mr. Barker bases his motion on this notice, the below memorandum of points and authorities, the declaration of Olga Savage and attached exhibits, the complete files and records in this action, and such other evidence and argument as the Court may entertain at the hearing on this motion.

DATED: November 20, 2018 PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _____/s/Tyler M. Paetkau_____________
Tyler M. Paetkau (Bar No. 146305)
Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 1, 2018, the California Court of Appeal in the *AMN v. Aya Healthcare* case issued a published and precedential decision discrediting the (already discredited) 33-year old decision in *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985); finding that the common law "rule of reasonableness" upon which *Loral* relied is no longer viable after *Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008); and concluding that a post-employment non-solicitation of employees contractual restraint like the one at issue in this case is void and unenforceable under California law (Cal. Bus. & Prof. Code § 16600). As the Court properly recognized at oral argument on Insight's last motion to dismiss, the *AMN v. Aya* decision warrants reconsideration of the Court's July 24, 2018 Order. The *AMN v. Aya* decision describes the state of law in California at least since the 2008 *Edwards* decision (according to *Edwards* itself, settled law in California since at least 1872), and is the first binding and authoritative pronouncement by a California Court of Appeal that *Loral* is not "viable" post-*Edwards*. The Court expressly invited Mr. Barker to seek reconsideration of its July 24, 2018 Order. The Court should grant Mr. Barker's request for reconsideration, and should permit Mr. Barker to pursue his class claims for declaratory relief and unfair competition against Insight.

## II. STATEMENT OF FACTS

### A. The Court Dismissed Mr. Barker's Class Claims Based on Insight's Facially Unlawful Non-Solicitation of Employees Contractual Restraint Because It Concluded that the *Loral* Decision Remains Good California Law.

In his Third Amended Complaint (ECF No. 162), Mr. Barker alleged that Insight included a facially unlawful, post-employment anti-competitive non-solicitation of employees contractual restraint in its employment agreements with Mr. Barker and Insight's other 935 California employees subject to the unlawful contractual restraint during the four-year statutory period. TAC, ¶¶15-17, 31-32. Mr. Barker alleged that Insight's *mere inclusion* of the facially unlawful post-employment non-solicitation of employees contractual restraint undermines and inhibits competition and employee mobility because the average lay employee would honor the unlawful contractual restraint without consulting counsel or challenging the contractual restraint in

court, and would be discouraged from competing with Insight for fear that Insight would take legal action to enforce the unlawful contractual restraint (as it did in its Counterclaim against Mr. Barker and its separate complaint against his new employer, Beacon Hill Staffing Group, LLC[1]). *Id.*; *see* ECF No. 183-1, Exs. 6-15 to Declaration of Tyler M. Paetkau, McNelis Decl., ¶14; Abbott Decl., ¶ 14; Kidwell Decl., ¶15; Nieves Decl., ¶15; Sheehan Decl., ¶14; Spitulski Decl., ¶14; White Decl., ¶14; Panighetti Decl., ¶15 (Insight employees remained at Insight even after becoming unhappy with job or decided to move to different industry based on the actual threat of lawsuits by Insight).

Just like the former employees unlawfully sued by AMN (and in a host of other published California appellate opinions[2]), based on Insight's ***mere inclusion*** of the facially unlawful post-employment non-solicitation of employees contractual restraints in its agreements with all of its 930-plus California employees, Mr. Barker pled a claim for declaratory relief and a claim for unfair competition in violation of California Business and Professions Code section 17200 on behalf of a putative class comprised of California employees who executed employment agreements with Insight containing the facially unlawful contractual restraints. TAC, ¶¶42-53.

In its July 24, 2018 Order granting in part Insight's motion to dismiss Mr. Barker's Third Amended Complaint, the Court dismissed Mr. Barker's claims based on Insight's facially unlawful post-employment non-solicitation of employees contractual restraint without leave to amend. ECF No. 176 at 12:16-15:16. Although the Court correctly and expressly concluded that

---

[1] Indeed, Insight subsequently filed at least five new federal court lawsuits against Beacon Hill and former Insight employees who had the temerity to accept employment with Beacon Hill. *See* ECF No. 183-1, Exs. 1-5 to Declaration of Tyler M. Paetkau (dockets for federal court lawsuits in Colorado, Texas, Illinois, New York and Oregon). Insight knows full well that very few individual employees have the resources to challenge Insight's unlawful competition-through-litigation scheme.

[2] *See Robinson v. U–Haul Co. of Cal.*, 4 Cal. App. 5th 304, 315 (2016); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009); *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 906-08 (1998); *Couch v. Morgan Stanley*, 2015 WL 4716297 at *20-21 (E.D. Cal. 2015).

Mr. Barker had standing to bring a class claim based on the facially unlawful non-solicitation of employees contractual restraint because he suffered an "actual and imminent" threat of injury by virtue of Insight's pending lawsuit against him to enforce the non-solicitation of employees contractual restraint (Order at 10:17-21), the Court concluded that non-solicitation of employees contractual restraints are valid and enforceable as a matter of law, relying on the 33-year old decision in *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985). *Id.* at 14:19-21. The Court rejected Mr. Barker's argument that *Loral* is no longer good law in light of the Supreme Court of California's decision in *Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008), and found that "the above holding of *Loral* is not overruled by *Edwards*." *Id.* at 13:15. The Court concluded: "the Court finds that *Loral* is good law. Therefore, the Court will follow *Loral*'s holding." *Id.* at 14:19-21.

B. **The Court Invited Mr. Barker to Seek Reconsideration Based on the Outcome of *AMN v. Aya Healthcare.***

In his opposition to and at oral argument on Insight's motion to dismiss, Mr. Barker argued that the legal landscape regarding the enforceability and validity of post-employment non-solicitation of employees contractual restraints is changing, cited several recent trial and district court decisions that (correctly) concluded that *Loral* was no longer good law in light of *Edwards*, and argued that a California Court of Appeal would likely affirm in the near future in a published and binding decision one such trial court order discrediting *Loral*. Mr. Barker brought to the Court's attention the pending appeal in the *AMN v. Aya Healthcare* case, where a San Diego Superior Court judge voided AMN's non-solicitation of employees covenants and granted summary judgment in favor of Aya, and expressly and clearly concluded that "the *Loral* court applied a test that is no longer valid after *Edwards*." *AMN v. Aya Healthcare Services, Inc.*, Case No. 37-2015-00033229-CU-BT-CTL (Nov. 4, 2016). Mr. Barker argued that, in light of the pending appeal in the *AMN v. Aya* case, it would be fundamentally unfair and wrong to dismiss Mr. Barker's challenge to Insight's non-solicitation of employees contractual restraint *at the pleading stage* and to deprive Mr. Barker of the opportunity to pursue a legal challenge that, although perhaps "novel," is also well-reasoned, fully supported by the Supreme Court of California's holding in *Edwards* and

consistent with several recent judicial decisions. ECF No. 166 at 15:19-16:4 (Opp. to Insight's Motion to Dismiss); ECF No. 179 at 35:7-36:11 (Transcript of 5/31/18 Oral Argument).

The Court "[did] not find persuasive" Mr. Barker's argument regarding the pending appeal in the *AMN v. Aya* case. Order at 14:25-26. During oral argument, the Court observed: "So sure, I fully expect that the California Courts of Appeal will speak on this specific Loral issue, and ultimately the California Supreme Court may have to take another look at it, but that is years in the future, in my view." ECF No. 179 at 19:23-20:7. The Court invited Mr. Barker to move for reconsideration of its Order dismissing Mr. Barker's claims in the event that the Court of Appeal in *AMN v. Aya* issued a decision during the pendency of this case that comports with Mr. Barker's position on *Loral*. ECF No. 179 at 34:5-7, 38:8-13.

### C. On November 1, 2018, the *AMN v. Aya* Court Issued a Published Decision Discrediting *Loral*.

Mr. Barker and his counsel were correct in their prediction regarding both the substance and the timing of the *AMN v. Aya* decision. *See AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, __ Cal. Rptr. 3d ___, 2018 WL 5669154 (Nov. 1, 2018), attached as Exhibit 2 to Declaration of Olga Savage in Support of Motion for Leave to File Motion for Reconsideration ("Savage Decl.") (ECF No. 187.1). The Court of Appeal affirmed the trial court's finding that AMN's post-employment non-solicitation of employees contractual restraint was void and unenforceable under Section 16600, and the trial court's order granting summary judgment in favor of Aya Healthcare. The Court of Appeal properly found that *Loral*'s

> use of a reasonableness standard in analyzing the nonsolicitation clause there at issue thus appears to conflict with *Edwards*'s interpretation of section 16600, which, under the plain language of the statute, prevents a former employer from restraining a former employee from engaging in his or her "lawful profession, trade, or business *of any kind*," absent statutory exceptions not applicable here.

*Id.* at *8 (underlining added; italics in original). The Court of Appeal observed that "[o]ur conclusion is further buttressed by the *Edwards* court's refusal to adopt the 'limited' or 'narrow-restraint' exception to section 16600." *Id.* The Court of Appeal echoed *Edwards*' reasoning that "if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect," and that "it was up to the Legislature, if it chooses,

either to relax the statutory restrictions or adopt additional exceptions to the prohibition-against-restraint rule under section 16600." *Id.* at *9 (internal citations omitted). *Edwards*, and now *Aya*, prohibit any expansions of the statutory exceptions to Section 16600 (Bus. & Prof. Code §§ 16601, 16602) by "judicial fiat."

The Court of Appeal correctly concluded that "[w]e thus doubt the continuing viability of [*Loral v.*] *Moyes* post-*Edwards*." *Id.* The Court of Appeal went on to expressly and clearly "independently conclude that the nonsolicitation of employee provision in the [AMN agreement] is **<u>void</u>** under section 16600." *Id.* at *7 (emphasis added).

Although the Court of Appeal found that AMN's non-solicitation of employees contractual restraint would have been void even if *Loral*'s reasonableness analysis survived *Edwards* (because the employees subject to the agreement were specifically in the business of recruiting and a contractual restraint restricting their ability to recruit was not a "reasonable" or "limited" restraint on their ability to compete),[3] the Court of Appeal also made abundantly clear that its finding rested on its express and clear rejection of *Loral*. *Id.* In referring to its analysis regarding the continuing viability (or lack thereof) of *Loral*, the Court of Appeal stated that "[its] decision in the instant case does not rest on that analysis ***alone***." *Id.* (emphasis added). The Court of Appeal's use of the word "alone" is critical. If the Court of Appeal had meant that it based its decision exclusively on its finding that AMN's non-solicitation of employees contractual restraint was not a "reasonable restraint" (and that its analysis of the continuing viability of *Loral* was just *dicta*), it would have simply said that "[its] decision in the instant case does not rest on" its analysis of the viability of *Loral* post-*Edwards*. Instead, the Court of Appeal added the word "alone" to indicate that its finding rested, at least in part, on its rejection of the continuing viability of *Loral* post-*Edwards*.

---

3 Like the employees in the *Aya* case, recruiting and hiring employees was an important part of Mr. Barker's job duties as the manager of Beacon Hill's new office in Northern California, and, as such, a non-solicitation of employees contractual restraint unreasonably and impermissibly restrained his right to compete. Barker Depo. at 194:1-7, 214:17-23, 225:1-4 & 10-23, 242:9-25, 243:13-244:11, Ex. 4 to Savage Decl.

## III. ARGUMENT

### A. The Court Should Reconsider Its Order Because the *AMN v. Aya* Case Represents a New, Material Change in Law.

Mr. Barker respectfully requests that the Court reconsider its order dismissing without leave to amend Mr. Barker's claims for declaratory relief and for unfair competition in violation of California Business and Professions Code section 17200 predicated on Insight's facially unlawful non-solicitation of employees contractual restraint. A material change of law that occurs after the issuance of the Court's order warrants reconsideration of the order. *Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"); Local Rule 7-9(b)(2) (party may move for leave to file motion for reconsideration upon showing of "emergence of new material facts or a change of law occurring after the time of such order"); *American Econ. Ins. Co. v. Reboans, Inc*., 900 F. Supp. 1246, 1250 (N.D. Cal. 1994).

The California Court of Appeal's November 1, 2018 decision in the *AMN v. Aya* case represents a new, material change in law that warrants reconsideration and reversal of the Court's order dismissing Mr. Barker's claims without leave to amend. Although Mr. Barker contends that the *AMN v. Aya* decision describes the state of the law in California as it has been at least since the 2008 *Edwards* decision, rather than a change in law, the *AMN v. Aya* case is the first binding and authoritative pronouncement by a California Court of Appeal that *Loral* is not viable post-*Edwards*. *AMN*, 2018 WL 5669154 at *9. Moreover, the Court in its Order concluded that *Loral* remained good law post-*Edwards*; effectively opined that a decision to the contrary in the *AMN v. Aya* case would constitute a change in law; and expressly invited Mr. Barker to seek reconsideration in the event of such a favorable decision. ECF No. 176 at 14:19-21; ECF No. 179 at 34:5-7, 38:8-13.

Because there is no horizontal *stare decisis* between California Courts of Appeal (*see Marriage of Shaban*, 88 Cal. App. 4th 398, 409 (2001)), the *AMN v. Aya* Court of Appeal could not expressly "overrule" a sister Court of Appeal's 33-year-old decision in *Loral*. What it did, however, was issue a published, binding, and well-reasoned opinion completely discrediting

*Loral*'s 33-year old pre-*Edwards* decision. The *AMN v. Aya* court's very recent decision is substantially more current-in-time than *Loral* and takes into account highly pertinent Supreme Court of California authority (*i.e.*, *Edwards*) that did not exist at the time of *Loral*. *See Tutt v. Van Voast*, 36 Cal. App. 2d 282, 286 (1939) ("we are inclined to follow *Burns v. Hiatt*, *supra*, not only because it is the later in time, but because the reasoning expressed is more convincing").

There is no principled distinction between the post-employment non-solicitation of employees contractual restraint in the *Aya* case and the same contractual restraint in Mr. Barker's At-Will Employment Agreement with Insight.[4] *Compare* Ex. 1 to TAC at ¶4 (Mr. Barker "shall not directly or indirectly, or in concert with others, solicit or encourage any person who is an employee of, or contractor or consultant for, [Insight], to resign from or terminate such employment or consulting relationship with [Insight] …"); *with AMN*, 2018 WL 5669154 at *3 ("Employee covenants and agrees that during Employee's employment with the Company and for a period of [one year or] eighteen months after the termination of the employment relationship with the Company, Employee shall not directly or indirectly solicit or induce, or cause others to solicit or induce, any employee of the Company or any Company Affiliate to leave the service of the Company or such Company Affiliate"). The *AMN v. Aya* court's express and clear rejection of the notion articulated in *Loral* that such a contractual restraint is lawful so long as it is "reasonable" applies with equal force to this case. As such, Mr. Barker is entitled to rely on the *AMN v. Aya* decision and to pursue his putative class claims against Insight based on its use of a facially unlawful non-solicitation of employees contractual restraint to unlawfully restrain lawful competition by Insight's California employees.

Mr. Barker contends that the *AMN v. Aya* decision is dispositive of his proposed class claims (class-wide declaratory and injunctive relief and liability to Mr. Barker and the class for unfair competition under the UCL), as well as his claims for benefits and for wrongful interference with his rights under Insight's Incentive Unit Plan (based on Insight's wrongful and

---

[4] Nor is there any principled distinction between facially void non-solicitation of customers and employees contractual restraints; both are restraints on competition not authorized by any statutory exception. *Edwards*, 44 Cal. 4th at 955.

astonishing "forfeiture" of his $344,304 in earned deferred compensation and its disingenuous and unlawful attempt to justify the forfeiture by claiming that Mr. Barker allegedly violated Insight's unlawful non-solicitation of employees contractual restraint), as well as Insight's claims against Mr. Barker and Beacon Hill predicated on the unlawful non-solicitation of employees contractual restraint. At a bare minimum, however, the *AMN v. Aya* decision authorizes Mr. Barker to pursue his claims, and renders dismissal of those claims at the pleading stage improper, especially because the Court already ruled that Mr. Barker has standing to pursue those claims. ECF No. 176 at 10:17-21.

**B. Mr. Barker is Entitled to Pursue Claims for Declaratory and Injunctive Relief, Restitution and Attorney's Fees.**

The Court should reverse its decision dismissing Mr. Barker's First and Second Claims predicated on Insight's facially unlawful non-solicitation of employees contractual restraint, and should permit Mr. Barker to pursue those claims on behalf of himself and the putative class. Under *Edwards*, and now *AMN v. Aya*, Insight's use of the facially unlawful contractual restraint entitles Mr. Barker and the putative class to declaratory and injunctive relief barring Insight from using or enforcing its non-solicitation of employees provision and restitution of the ill-gotten gains that Insight reaped from its unlawful restraint on competition. *AMN*, 2018 WL 5669154 at *17 ("we conclude the court properly exercised its broad discretion in enjoining AMN from attempting to enforce section 3.2 against individual defendants and others similarly situated"). Mr. Barker also is entitled to judgment, as a matter of law, that Insight cannot use its unlawful non-solicitation of employees contractual restraint to deprive Mr. Barker of his earned deferred compensation, and judgment, as a matter of law, in his favor on all of Insight's claims against him that Insight predicates on his alleged breach of the provision.

Mr. Barker also is entitled to recover his attorney's fees under California Code of Civil Procedure section 1021.5, which authorizes an award of attorney's fees "in the enforcement of an important right affecting the public interest." As the *AMN v. Aya* court concluded in upholding the trial court's Section 1021.5 award of fees to Aya,

> the court properly found in the exercise of its discretion that the instant action conferred a significant benefit on the public. Our high court in *Edwards* itself noted that California courts have been clear in their expression that section 16600

> represents a *strong public policy* of the state which should not be diluted by judicial fiat … The instant action also conferred a significant benefit on a large class of persons, as the court also recognized: namely, all current and former AMN California employees who had signed a CNDA containing a nonsolicitation of employee provision similar to section 3.2, which restrained their employment for at least one year after leaving AMN; and all California-based competitors of AMN who wanted to hire such former employees (within one year, or 18 months, of their leaving AMN), ***but were concerned about, or refrained from doing so because of, section 3.2 and the potential risk of litigation resulting from its enforcement.***

*AMN*, 2018 WL 5669154 at *18-19 (first emphasis in original; second emphasis added). Mr. Barker's class claims against Insight are similarly meritorious and serve the same important public interest, and the Court should permit Mr. Barker to pursue those claims.

## IV. CONCLUSION

The Court should grant Mr. Barker's request for reconsideration, and should permit Mr. Barker to pursue his claims for declaratory relief and unfair competition against Insight.

DATED: November 20, 2018 PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/Tyler M. Paetkau
Tyler M. Paetkau (Bar No. 146305)
Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER