Tyler M. Paetkau (Bar No. 146305)
Olga Savage (Bar No. 252009)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone:	(650) 645-9027
Facsimile:	(650) 687-8323
Email:	tyler.paetkau@procopio.com

Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BARKER, individually and on behalf of all other persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company; and SECOND AMENDED AND RESTATED INSIGHT GLOBAL, LLC 2013 INCENTIVE UNIT PLAN,<br><br>　　　　　Defendants.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant-Counterclaimant,<br><br>v.<br><br>JOHN BARKER, an individual,<br><br>　　　　　Plaintiff-Counterdefendant. | **Case No. 16-cv-07186 BLF**<br><br>**REPLY IN SUPPORT OF MOTION BY PLAINTIFF AND COUNTER-DEFENDANT JOHN BARKER FOR RECONSIDERATION OF COURT'S 7/24/18 ORDER GRANTING IN PART WITHOUT LEAVE TO AMEND DEFENDANT/COUNTER-CLAIMANT'S MOTION TO DISMISS**<br><br>Date:　　　TBD<br>Time:　　　9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman<br><br><br>Complaint Filed: December 15, 2016<br>Trial Date: January 6, 2020 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. The *AMN v. Aya* Case Represents a New, Material Change in Controlling Law. ...... 1

    B. *AMN v. Aya* Is Not Limited to Its Facts. ..................................................................... 3

    C. Granting Reconsideration would not "Needlessly Complicate" the Case. ................. 4

III. CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page**

**Cases**
*American Economy Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246 (N.D. Cal. 1995) .......................... 2
*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, __ Cal. Rptr. 3d ___, 2018 WL 5669154 (Nov. 1, 2018).................................................................................................................. passim
*Campbell v. Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499 (9th Cir. 1987) ............................ 1
*Edwards v. Arthur Andersen,* 44 Cal. 4th 937 (2008) .................................................................... 1, 4
*Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F. 2d 1330 (9th Cir. 1977) ............................... 5
*Loral Corp. v. Moyes,* 174 Cal. App. 3d 268 (1985).............................................................. 1, 2, 3, 4
*Mallard Automotive Group, Ltd. v. U.S.*, 343 F. Supp. 2d 949 (D. NV. 2004).................................. 3
*People v. Sanchez*, 63 Cal. 4th 665 (2016) ........................................................................................ 2
*Rojas v. Marko Zaninovich, Inc*., 2013 WL 1326582 (E.D. Cal. 2013) ............................................. 2
**Rules**
Fed. R. Civ. P. 26 ................................................................................................................................ 4

## I. INTRODUCTION

Insight Global, LLC's Opposition to John Barker's motion for reconsideration all but ignores the unanimous *AMN* Court of Appeal's detailed analysis including its "independent" conclusion that Section 16600 voids non-solicitation of employees contractual restraints as a matter of law, and the *AMN* panel's agreement with *Edwards*' legal analysis and express rejection of the common law "rule of reasonableness." Insight's Opposition poses a classic false dichotomy, when in reality there are more than two choices available. Contrary to Insight's invitation, there is nothing inconsistent or improper about Mr. Barker's contention that all of these legal principles are true and correct at the same time: (1) California law has not materially changed since the California Legislature rejected the common law "reasonableness" rule in 1872 (*Edwards*, 44 Cal. 4th at pp. 954-55); (2) *Loral* was incorrectly decided, erroneously applying the old, rejected common law rule of reasonableness (i.e., a "limited," "narrow" or "reasonable" judge-made exception is permissible); (3) the Ninth Circuit incorrectly applied, for over two decades, a similar, judge-made "narrow restraint" exception, which *Edwards* also squarely rejected (*id.*; *see Campbell v. Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499 (9th Cir. 1987)); and (4) now we have clarity from *AMN* confirming the inexorable logic and reasoning of *Edwards* that any post-employment contractual restraints – customers, employees, business, etc. – are facially void unless a specific statutory exception applies. The *AMN v. Aya* decision therefore represents a material change in controlling law, and, at the very least, is controlling on the issue of whether Mr. Barker should have the right to pursue his claim past the pleading stage. In light of the *AMN v. Aya* decision, dismissal of Mr. Barker's claim at the pleading stage would be improper.

## II. ARGUMENT

### A. The *AMN v. Aya* Case Represents a New, Material Change in Controlling Law.

Unsurprisingly, Insight is more interested in raising technical barriers to reconsideration than in ensuring that the fact finder (whether it be the jury at trial or the Court on a dispositive motion) reaches the correct outcome in this case – an outcome that fairly takes into consideration all precedential authority that is relevant to the validity of Mr. Barker's (and

Insight's) claims and defenses. To try and frame Mr. Barker's motion as an attempt to "re-litigate" a previously decided issue completely ignores the history of this case. The Court already has recognized that the outcome of the *AMN v. Aya* case is relevant to the viability of Mr. Barker's class claims (and his legal defense to Insight's counterclaims premised on the void covenant), which it why, at the May 31, 2018 hearing, the Court expressed interest in the timing of when a decision in the *AMN v. Aya* case may issue, and invited Mr. Barker to seek reconsideration when and if that a decision in *AMN v. Aya* issued. ECF No. 179 at 34:5-7, 38:8-13. The Court properly recognized that a published decision in *AMN v. Aya* could impact its analysis regarding the state of California law regarding the viability of post-employment non-solicitation of employees contractual restrains. *See id* at 37:3-8.

Reconsideration, which Insight attempts to paint as some sort of draconian remedy, is, rather, a useful tool to ensure that the ultimate decision on the merits of a case takes all relevant authority into consideration. *See Rojas v. Marko Zaninovich, Inc.*, 2013 WL 1326582 at *2 (E.D. Cal. 2013) ("*Brinker* is useful as persuasive authority. While *Brinker* is not a change in controlling law, reconsideration in light of the opinion is useful"). The law does not support Insight's proffered, unjustifiably narrow definition of a "change in controlling law." Indeed, it does not matter if *AMN v. Aya* is binding on this Court; it is a published and precedential opinion significantly clarifying, for the first time, the state of California law regarding the non-enforceability of post-employment non-solicitation of employees contractual restraints, and its clarification contradicts what the Court found to be the state of California law, *i.e.*, that there is no published and precedential California decision discrediting *Loral*. *See American Economy Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246, 1251 (N.D. Cal. 1995) (granting reconsideration based on Cal. appellate decision speaking for first time on meaning of relevant term). Indeed, higher courts routinely issue opinions intended not necessarily to expressly reverse or overturn a prior decision, but to clarify the state of the law. *See, e.g., People v. Sanchez*, 63 Cal. 4th 665, 670 (2016) (experts and hearsay reliance).

Even if the *AMN v. Aya* decision were not controlling on the issue of whether Mr. Barker ultimately prevails on his claims and defenses, it is controlling on the issue of whether Mr.

Barker should have the right to pursue his claim past the pleading stage, and whether dismissal of his claim on a Rule 12 motion is appropriate. *See Mallard Automotive Group, Ltd. v. U.S.*, 343 F. Supp. 2d 949, 954-55 (D. NV. 2004) (granting reconsideration because, "[a]fter *Brockamp*, . . ., the statute of limitations issue cannot be resolved on a 12(b)(1) motion").

Insight posits a false dichotomy by claiming that, in order to show that *AMN v. Aya* warrants reconsideration of the Court's Order, Mr. Barker must concede that, prior to *AMN v. Aya*, non-solicitation of employees contractual restraints were valid.[1] Opp. at 3:17-20. Because the Court previously disagreed with Mr. Barker's interpretation of the state of California law, *AMN v. Aya* represents a change, or at least a material clarification, of the law because it picks up where *Edwards v. Arthur Andersen* left off. In its Order, the Court opined that Mr. Barker's argument regarding the invalidity of *Loral* was not convincing because Mr. Barker could not cite to a precedential decision discrediting *Loral*. Order at 14:15-24. Now, with the issuance of the unanimous *AMN v. Aya* decision, Mr. Barker can cite to a precedential decision discrediting *Loral*.

It is illogical that the Court would have its hands tied and faced with a potential future appeal even though a new decision suggests a prior order was incorrect. After all, the ultimate goal is to have a correct application of the law. Indeed, the unpublished decision of a separate panel of the same Court of Appeal that decided *AMN v. Aya* that Insight cites, while concurrently admitting that it has "no precedential value" (Opp. at 5:25-28), proves Mr. Barker's point. The fact that the Court of Appeal that discredited *Loral* in *AMN v. Aya* relied on *Loral* in 2014 shows that a court's ability and willingness to change its mind when faced with a compelling argument for doing so is an important and valuable prerogative.

**B.  *AMN v. Aya* Is Not Limited to Its Facts.**

Predictably, Insight argues that *AMN v. Aya* is limited to its facts, *i.e.*, to employees in the business of recruiting (apparently forgetting that Mr. Barker's chosen profession is

---

[1]  Insight's transparent purpose for making this meritless argument is to trick Mr. Barker into making an admission that non-solicitation of employees contractual restrains were valid at the time that Insight drafted and attempted to enforce them. To be clear, Mr. Barker makes no such admission.

temporary staffing).  However, as discussed in detail in Mr. Barker's Motion, the *Aya* court would not have spent several pages discrediting the reasoning in *Loral* if its intent was simply to conclude that, because the employees at issue were in the business of recruiting, the contractual restraint was not "narrow" or "reasonable" under the test applied by *Loral*.  The unanimous *AMN* Court of Appeal's lengthy discussion of *Edwards* and *Loral* was not dictum.  The *Aya* court also made abundantly clear that its finding rested on its express and clear rejection of *Loral*.  *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, __ Cal. Rptr. 3d ___, 2018 WL 5669154 at *7 (Nov. 1, 2018).  In doubting the continuing "viability" of *Loral*, the Court of Appeal stated that "[its] decision in the instant case does not rest on that analysis **alone**." *Id.*  The Court of Appeal added the word "alone" to indicate that its finding rested, at least in part, on its rejection of the continuing viability of *Loral* post-*Edwards*.

### C. Granting Reconsideration would not "Needlessly Complicate" the Case.

Insight's claim that the Court should deny reconsideration because granting reconsideration would "needlessly complicate" the case is not a valid argument.  Expediency is not synonymous with justice.  Regardless, Insight should not be heard to complain about "delays" and "complications" given its own scorched-earth litigation tactics.  *See, e.g.*, ECF No. 87 at 4:19-23 & ECF No. 106 at at 4:7-11 (Judge Lloyd's findings that Insight's tactics "smac[k] of harassment," are a "distortion of what Fed. R. Civ. P. 26 teaches about what is discoverable," and "smel[l] like another fishing expedition, and the court will not countenance it").  Insight started this fight by wrongfully firing Mr. Barker, unlawfully declaring that Mr. Barker had "forfeited" $344,304 in earned deferred compensation, and then suing him and his new employer, Beacon Hill, simply because Mr. Barker had the audacity to engage in his chosen profession.

If Mr. Barker is legally entitled to pursue his claims, the additional purported complication of going through the routine steps of a class action proceeding (*i.e.*, moving for class certification on a common legal issue based on pre-certification class discovery that Mr. Barker already has conducted, and ruling on Mr. Barker's motion sufficiently in advance of a *January 2020* trial date) is not a legally cognizable objection to reconsideration.  To the contrary, depriving Mr. Barker of his right to pursue his class claim because a class action is purportedly too

"complicated" would deprive Mr. Barker of his due process rights. Mr. Barker has been asserting the invalidity of Insight's non-solicitation of employees contractual restraint since his original Answer to Insight's Counterclaim, and (successfully) moved for leave to plead his class claims based on Insight's facially unlawful non-solicitation of employees contractual restraint one year ago. *See* ECF No. 156. Mr. Barker has been conducting the necessary pre-certification class discovery for well over one year. There is nothing "complicated" in permitting Mr. Barker to proceed with a claim that he already has been actively litigating since 2017.

In fact, the Court's proposed solution ("Then you settle the case" (ECF No. 179 at 37:3-8)) to purported "complications" is better: Insight should stipulate to class certification, agree not to enforce or threaten to enforce its facially void contractual restraints, pay Mr. Barker his deferred compensation (with interest), and pay Mr. Barker's attorney's fees incurred to date. If Insight is really worried about "complications" and "delay," then it should cut its losses now.

Insight erroneously characterizes class actions as a disfavored and needlessly complicated mechanism. To the contrary, when a class plaintiff seeks to enforce an important public policy through his class claim, "class actions are favored … for salutary policy reasons." *Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F. 2d 1330, 1333 (9th Cir. 1977) (Title VII class actions favored). Through his class claims, Mr. Barker seeks to enforce an important right affecting the public interest, *i.e.*, the right to compete free of unlawful contractual restraints. *See AMN*, 2018 WL 5669154 at *18-19 (awarding attorney's fees "in the enforcement of an important right affecting the public interest"). Insight is not entitled to throw up unwarranted impediments to Mr. Barker's right to pursue his claims.

### III. CONCLUSION

In light of the *AMN v. Aya* decision, dismissal of Mr. Barker's claim at the pleading stage is improper. The Court should grant Mr. Barker's motion for reconsideration.

DATED: December 7, 2018       PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _____/s/Tyler M. Paetkau_____
Tyler M. Paetkau (Bar No. 146305)
Attorneys for Plaintiff and Counter-Defendant
JOHN BARKER