UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-07186-BLF (VKD)<br><br>**ORDER RE JOINT DISCOVERY DISPUTE LETTER RE LITIGATION FUNDING**<br><br>Re: Dkt. No. 186 |

Defendants Insight Global, LLC and Second Amended and Restated Insight Global, LLC 2013 Incentive Plan (collectively "Insight Global") move to compel plaintiff John Barker to respond to an interrogatory and/or file an amended case management statement disclosing that Beacon Hill Staffing Group, LLC ("Beacon Hill") is funding his proposed class action.

The Court finds this dispute suitable for decision without a hearing.

This dispute concerns a matter that never should have required the Court's assistance. Both parties appear to agree that Beacon Hill is funding Mr. Barker's proposed class action. Mr. Barker claims that he has already disclosed this information to Beacon Hill by producing documents and responding to questions asked in deposition. Beacon Hill claims the specific representation that it seeks is responsive to Interrogatory No. 7 to which Mr. Barker objects. As Mr. Barker concedes, Magistrate Judge Lloyd earlier rejected Mr. Barker's privilege claim with respect to whether Beacon Hill is paying Mr. Barker's legal fees. Dkt. No. 130. Although it is unnecessary for a party to supplement or correct information provided in initial disclosures or in a discovery response if the additional or corrective information has otherwise been made known to its adversary, *see* Fed. R. Civ. P. 26(e)(1)(A), the parties debate whether Mr. Barker has already provided the additional or corrective information by other means. To avoid further unnecessary

dispute on this point, Mr. Barker must promptly supplement his outstanding interrogatory responses to make clear that Beacon Hill is funding his proposed class action.

Both parties also appear to agree that Mr. Barker owes a duty to the Court to supplement or correct incomplete information previously provided to the Court. *See* Civil L.R. 3-15(a)(2) ("A party has a continuing duty to supplements its certification [of non-party interested entities or persons] if an entity becomes interested . . . during the pendency of the proceeding."). Mr. Barker must promptly advise the Court of any person or entity that is funding the prosecution of his proposed class action claims. He need not file an amended case management statement solely for this purpose, but may file an amended disclosure under Civil Local Rule 3-15.

**IT IS SO ORDERED.**

Dated: December 11, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge