# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

JOHN BARKER,

    Plaintiff,

v.

INSIGHT GLOBAL, LLC, et al.,

    Defendants.

Case No. 16-cv-07186-BLF

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT ECF 176**

[Re: ECF 189]

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting with Leave to Amend in Part and without Leave to Amend in Part and Denying in Part Defendants' Motion to Dismiss (ECF 176). *See* Motion, ECF 189. Based on new case authority, Plaintiff seeks to pursue two claims previously dismissed by the Court without leave to amend. *See* Motion at 1. Defendants oppose the Motion. Opp'n, ECF 190. For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

The underlying facts of this case are well-known[1] to the Court and the parties and are not fully recited here. Plaintiff John Barker brings this action against his former employer Insight Global, LLC ("Insight Global") and Insight Global's employee benefit plan, Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan (the "Plan") (collectively, "Defendants"). Barker asserts that Insight Global enforces an unlawful employment agreement, denied him benefits under the employee benefit plan, and wrongfully deprived him of his employment benefits upon termination. *See generally* Fourth Amended Complaint ("4AC"), ECF 180.

---

[1] For example, see the Court's prior orders at ECF 176 and ECF 191.

The instant Motion concerns the first two claims in Plaintiff's Third Amended Complaint ("TAC") (ECF 162). The TAC asserted eight causes of action: (1) declaratory relief; (2) violation of California's Unfair Competition Law; (3) claim for benefits under ERISA plan, 29 U.S.C. § 1132(a)(1)(B); (4) interference with right under ERISA plan, 29 U.S.C. § 1140; (5) breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1109 and 1132(a)(3); (6) waiting time penalties, California Labor Code § 203; (7) failure to pay unused vested time off at termination, California Labor Code § 227.3; and (8) defamation. *See generally* TAC, ECF 162,

The first two causes of action were brought on behalf of a purported class against Insight Global. *Id.* ¶¶ 42–53. The TAC defined the class as follows:

> All persons employed at any time by Insight [Global] in California during the period from December 15, 2012 to the present who signed an employment agreement with Insight [Global] or received an offer letter from Insight [Global] that contained a non-solicitation of customers and/or non-solicitation of employees provision.

*Id.* ¶ 33.

Barker brought the remaining causes of action as individual claims. *See* TAC ¶¶ 54–82. Defendants moved to dismiss the first, second, fourth, and fifth causes of action. *See* Motion to Dismiss TAC, ECF 164.

On July 24, 2018, the Court granted[2] Defendants' motion to dismiss the first and second claims with respect to the non-solicitation of employees provision for failure to state a claim under Rule 12(b)(6) without leave to amend. *See* Order Granting with Leave to Amend in Part and without Leave to Amend in Part and Denying in Part Defendants' Motion to Dismiss ("TAC Order"), ECF 176. The Court also granted Defendants' motion to dismiss the second claim with respect to the non-solicitation of employees provision for lack of standing under Rule 12(b)(1) without leave to amend; however, this ruling was without leave to amend only because the second claim was also dismissed without leave to amend pursuant to Rule 12(b)(6). *See* TAC Order at 12. Plaintiff subsequently filed his 4AC which has been subject to additional motion practice not relevant to the instant Motion. *See* ECF 191.

---

[2] Additional rulings in the Court's order at ECF 176 are not discussed herein.

2

On November 14, 2018, the Court granted Plaintiff leave to file a motion for reconsideration based on a newly decided case which Plaintiff argued changes the law. *See* ECF 188. On November 20, 2018, Plaintiff filed the instant Motion seeking to pursue the first and second claims of the TAC with respect to the non-solicitation of employees provision that were previously dismissed without leave to amend. *See* Motion at 1, ECF 189.

## II. LEGAL STANDARD

Under Civil Local Rule 7-9, a party may request leave to file a motion for reconsideration before a judgment has been entered. Civ. L.R. 7-9(a). A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

## III. DISCUSSION

Plaintiff argues that reconsideration of the Court's TAC Order is warranted under Civ. L.R. 7-9(b)(2) due to an intervening "material change in law" as set forth in *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th 923 (Ct. App. 2018). *See* Motion at 7. In the prior order the Court determined that employee nonsolicitation agreements were valid under *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985) and later case law, finding that the California Supreme Court's holding in *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (2008) did not overrule *Loral*. *See* TAC Order at 12–13. At the time the Court issued the Order, no California appellate court had squarely addressed this issue post-*Edwards*. That has since changed with the November 1, 2018 decision *AMN Healthcare, Inc.*

The California Court of Appeal held that the nonsolicitation of employees provision at issue was void under California Business & Professions Code § 16600. *AMN*, 28 Cal. App. 5th at 936. The Court of Appeal expressly rejected *Loral* based on the California Supreme Court's decision in *Edwards*.

3

In *AMN*, all employees of AMN Healthcare, Inc. were required to sign a Confidentiality and Non-Disclosure Agreement ("CNDA") as a condition of their employment. 28 Cal. App. 5th at 927. The CNDA included a nonsolicitation of employees provision "preventing [former AMN employees] from soliciting any employee of AMN to leave the service of AMN for at least a one-year period." *Id.* The *AMN* court held that "the nonsolicitation of employee provision in the CNDA is void under section 16600 [of the Cal. Bus. & Prof. Code]." *Id.* at 936. The *AMN* court further found that the plain meaning of § 16600 applied to the nonsolicitation of employees provision in the CNDA. *Id.* at 938. In other words, the *AMN* court held that a nonsolicitation of employees provision "restrain[s] a former employee from engaging in his or her profession, trade or business[,] unless the agreement falls within one of the exceptions to [§ 16600]." *Id.* at 938 (internal quotation and citation omitted).

In its analysis, the *AMN* court departed from the reasoning of *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985). In *Loral*, a company sued its former employee for breaching a non-solicitation of employees agreement. 174 Cal. App. 3d at 273–74. The agreement was "a former employee's agreement not to disrupt, damage, impair or interfere with his former employer by 'raiding' its work-staff." *See id.* at 275. *Loral* concluded that the non-solicitation of employees agreement did not create a severe restraint on trade, because the company's employees were free to seek employment with a competitor and those employees only lost the option of being first contacted by the defendant former employee. *Id.* at 279–80. As such, *Loral* held that the non-solicitation of employees agreement was not void under § 16600. *Id.* at 280. The *AMN* court analyzed *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (2008), and explicitly noted that *Loral's* "use of a reasonableness standard in analyzing the nonsolicitation clause there at issue [] appears to conflict with *Edwards's* interpretation of section 16600, which, under the plain language of the statute, prevents a former employer from restraining a former employee from engaging in his or her 'lawful profession, trade, or business *of any kind*.'" *AMN*, 28 Cal. App. 5th at 938 (quoting *Edwards*, 44 Cal. 4th at 945) (emphasis in original).

In its TAC Order, the Court concluded that "*Loral* is good law" and relied on *Loral* to dismiss Plaintiff's first and second claims with respect to the non-solicitation of employees

4

provision without leave to amend. *See* TAC Order at 13–15. However, as discussed above, the Court's conclusion in its TAC Order that "*Loral* is good law" is further informed by the *AMN* decision. Having considered the *AMN* decision and reviewed *Loral* and *Edwards*, the Court is convinced by the reasoning in *AMN* that California law is properly interpreted post-*Edwards* to invalidate employee nonsolicitation provisions.

Thus, whether as Plaintiff claims, there is an intervening change in law material to the Court's dismissal of Plaintiff's first and second claims with respect to the non-solicitation of employees provision, or whether the Court sua sponte reconsiders its prior order in light of *AMN*, there is a change in law warranting a fresh look and changed outcome.

The Court has considered Defendants' Opposition brief (ECF 190) and finds it unpersuasive. Indeed, the Court previously recognized that a published Court of Appeal decision addressing this precise issue post-*Edwards* would be important to this Court in its final decision. *See* TAC Order at 14–15; Transcript of May 31, 2018 Hearing at 34:1-7, ECF 179. Thus, even if *AMN* is not controlling or new law which is a necessary prerequisite for Plaintiff's Motion for Reconsideration, the Court retains the discretion to sua sponte reconsider its order and chooses to do so here. Second, the Court is not persuaded that the secondary ruling in *AMN* finding the nonsolicitation provision invalid under *Loral* based upon those employees' particular job duties abrogates or limits the primary holding. Third, the Court finds the analysis in *AMN* to be persuasive. And, finally, the Court will not hold on to a ruling it no longer believes is correct in order to avoid complicating this case. That said, the Court is making no ruling on whether Plaintiff is a proper class representative for injunctive relief. That issue is more properly addressed in a subsequent motion. Accordingly, the Court hereby GRANTS Plaintiff's Motion for Reconsideration.

//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration at ECF 189 is hereby GRANTED. Plaintiff is permitted to file a fifth amended complaint that includes the TAC's first and second claims with respect to the non-solicitation of employees provision that were previously dismissed without leave to amend. Any such fifth amended complaint shall be filed **no later than February 1, 2019**.

**IT IS SO ORDERED.**

Dated: January 11, 2019

BETH LABSON FREEMAN
United States District Judge