United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER, Plaintiff, v. INSIGHT GLOBAL, LLC, et al., Defendants. | Case No.16-cv-07186-BLF (VKD) **ORDER RE DEPOSITION OF BEACON HILL** |
| INSIGHT GLOBAL, LLC, Plaintiff, v. BEACON HILL STAFFING GROUP, LLC, Defendant. | Case No.17-cv-00309-BLF (VKD) Re: Dkt. No. 60 |

Insight Global moves to compel a Rule 30(b)(6) deposition of Beacon Hill. For the reasons stated on the record during the hearing on February 12, 2019 (Case No. 16-cv-07186-BLF, Dkt. Nos. 211, 212; Case No. 17-cv-00309-BLF, Dkt. No. 61), and as further explained below, the Court grants the motion to compel as to the certain noticed topics and denies the motion as to others.

Insight Global's January 18, 2019 deposition notice includes 45 topics on which it seeks deposition testimony of Beacon Hill for use in these related actions. Beacon Hill objects to the notice on several grounds, including the relevance and scope of many of the topics.

Insight Global contends that the noticed topics are relevant to the following claims and defenses: (1) breach of contract of contract against Mr. Barker, based on his alleged misuse of trade secret and confidential information of Insight Global; (2) interfering with contract and

inducing breach of contract against Beacon Hill; (3) trade secret misappropriation against Mr. Barker and Beacon Hill; and (4) Insight Global's forfeiture defense to Mr. Barker's claim for deferred compensation under the Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan ("the Plan"). Although Mr. Barker and Beacon Hill disagree on the scope and merits of these claims and defenses, they seem to agree that these claims and defenses are at issue, with the exception of Insight Global's forfeiture defense.

Insight Global argued that Mr. Barker's alleged direct or indirect solicitation of Insight Global employees violated the terms of the Plan, which justifies forfeiture of the deferred compensation he seeks in his complaint against Insight Global in Case No. 16-cv-01786. Beacon Hill contends that *AMN*[1] invalidates all employee non-solicitation provisions. *See* Case No. 16-cv-01786, Dkt. No. 201. The parties did not address this issue in the joint submission, but during the hearing, Insight Global argued that even if a non-solicitation provision is unenforceable in an employment agreement under California state law, ERISA preempts state law with respect to conditions of payment for deferred compensation in an ERISA plan, and therefore Mr. Barker's (and Beacon Hill's) solicitation of Insight Global employees is relevant to Insight Global's defense to Mr. Barker's claim for deferred compensation under the Plan.[2] *See, e.g., Clark v. Lauren Young Tire Center Profit Sharing Trust*, 816 F.2d 480, 481 (9th Cir. 1987) (ERISA preempts state law with respect to non-competition forfeiture clauses). In response, Beacon Hill argued at the hearing that it disagreed that the non-solicitation provision in the Plan is enforceable, but did not explain the basis for its disagreement.

The Plan includes several conditions for payment of deferred compensation, including the following condition in section 10(c)(iii):

> Induce or attempt to induce any Person who (A) is an employee of the Company of any of its Affiliates to leave the employ of the Company or any of its Affiliates or any of their respective customers or clients or (B) is or had been, during the two years prior to such inducement or attempted inducement, an employee of the Company or any of its Affiliates or any of their respective customers or clients, to solicit,

[1] *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App.5th 923 (2018).

[2] Insight Global asserts other defenses to the Mr. Barker's claim for deferred compensation.

divert or take away from the Company or any of its Affiliates any staff or personnel;

Case No. 16-cv-07186, Dkt. No. 209, Ex. 2 at 6. The Plan also includes a severability provision, which states in part: "If at any time any of the provisions of Section 10(c) of the Plan shall be held invalid or unenforceable or are prohibited by the laws of the jurisdiction where they are to be performed or enforced, by reason of being vague or unreasonable as to duration or geographic scope of scope of activities restricted, of for any other reason, such provisions shall be considered divisible and shall become and be immediately amended to include only such restrictions and to such extent as shall be deemed to be reasonable and enforceable by the court . . . ." *Id.*, Ex. 2 at 8, ¶ 17. In addition, the Plan specifies certain conditions for payment of deferred compensation "shall not apply to Employees who are residents of California of the State of California at the time of termination of employment." *Id.* Section 10(c)(iii), the employee non-solicitation provision, is not specifically identified. Neither party addressed the severability of section 10(c)(iii) in the joint submission.

So far as the Court can tell, Insight Global's defense to Mr. Barker's claim for deferred compensation is still at issue in Case No. 16-01786. Accordingly, Insight Global is entitled to discovery of Mr. Barker's direct or indirect solicitation of Insight Global employees in violation of section 10(c)(iii) of the Plan.

Several of the topics in Insight Global's deposition notice encompass matters that are at most only tangentially relevant to a claim or defense or seek testimony that is not proportional to the claims or defenses that are at issue. Other topics seek relevant and proportional deposition discovery, and others may be tailored so that they are limited to relevant and proportional deposition discovery. Accordingly, Insight Global may proceed with a deposition of Beacon Hill on the following topics, as modified by the Court:

1. The documents produced by Beacon Hill Staffing Group, LLC ("Beacon Hill") on January 15, 2019, (bates range Barker-000289 through 000313), and any additional documents related to the "privilege log" documents that Judge DeMarchi ordered produced in her Order (Dkt. 46) to the extent a supplemental production is made.

3. Beacon Hill's recruitment and hiring of John McArthur, Connor Cronin, and Bryan Verduzco (the "Three Former IG Employees Hired by BH"), *but only as that subject*



United States District Court
Northern District of California

*matter relates to (a) Mr. Barker's role in soliciting employees as described in section 10(c)(iii) of the Plan, or (b) the use of Insight Global's alleged trade secrets* or *confidential information.*

4. Barker's communications with Beacon Hill employees about some or all of the Three Former IG Employees Hired by BH prior to their start date of employment with Beacon Hill~~, including any discussions~~ about (1) their employment at Insight Global; (2) their compensation at Insight Global; (3) negotiations with them regarding joining Beacon Hill; and (4) the compensation and other terms / conditions offered to them as part of their initial employment packages at Beacon Hill.

6. ~~Initial compensation and terms / conditions of employment offered to other persons hired into Account Executive, Senior Staffing Consultant, and Division Director roles at Beacon Hill during 2016 and 2017, and how those compare to what was offered to the Three Former IG Employees Hired by BH~~. *How the compensation and other terms and conditions offered to the Three Former IG Employees Hired by BH as part of their initial employment packages at Beacon Hill compared to the employment packages offered by Beacon Hill to similarly qualified prospective employees for comparable positions during the year preceding the offers to the Three Former IG Employees Hired by BH.*

8. Communications (including, but not limited to, phone calls, emails, and text messages) between Jeff McLaren and Barker about Insight Global employees during December 2016 and January 2017. ***Note****: If Insight Global wishes to inquire about specific communications produced in discovery, it must identify those specific communications at least 48 hours in advance of the deposition.*

9. Communications (including but not limited to, phone calls, emails, and text messages) between Jeff McLaren and Andy Wang about Insight Global employees during December 2016 and January 2017. ***Note****: If Insight Global wishes to inquire about specific communications produced in discovery, it must identify those specific communications at least 48 hours in advance of the deposition.*

12. The recruitment of Tim Silva, Hilton Brown, Jeremy Kelley, and any other persons employed in San Francisco by Insight Global*, but only as that subject matter relates to (a) Mr. Barker's role in soliciting employees as described in section 10(c)(iii) of the Plan, or (b) the use of Insight Global's alleged trade secrets* or *confidential information.*

17. Beacon Hill's offer letter to Barker.

18. Barker's written employment agreement with Insight Global.

19. Documents produced by Beacon Hill in response to Judge Lloyd's Order on DDJR 1 (Dkt. 39) on or about May 4, 2018 (bates range Barker-000257 through 000288)*, and the written responses ordered by the Court in its resolution of Dkt. No. 49 in Case No.* 17-cv-00309-BLF (Dkt. No. 62).[3]

[3] It will not be sufficient for Beacon Hill's corporate representative to simply parrot the written responses, as counsel for Beacon Hill suggested during the hearing. Rather, the corporate

25. Any and all efforts Beacon Hill has taken to preserve information and documents (including emails and text messages) relating to this lawsuit and the related lawsuit, *Barker v. Insight Global, LLC et al.*, Case No. 5:16-cv-07186, including Beacon Hill's recordkeeping and document retention policies, practices, and procedures. ***Note**: Inquiry must be limited to non-privileged matters, and may not include inquiry regarding what Beacon Hill was told to do or not do by counsel.*

26. Any and all efforts Beacon Hill has taken to collect and produce documents (including emails and text messages) in this lawsuit, and to respond to discovery requests it has received in this lawsuit and the related lawsuit, *Barker v. Insight Global, LLC et al.*, Case No. 5:16- cv-07186, including without limitation, the nature and scope of document and information searches it conducted and by whom. ***Note**: Inquiry must be limited to non-privileged matters, and may not include inquiry regarding what Beacon Hill was told to do or not do by counsel.*

30. Review, discussion, and/or consideration of Barker's employment agreement with Insight Global during the process of recruiting and/or hiring him, including without limitation any instruction regarding compliance or non-compliance with Barker's employment agreement with Insight Global. ***Note**: Inquiry must be limited to those aspects of the employment agreement that are enforceable and are alleged to have been breached.*

31. Information about Insight Global's current or former employees; business relationships; customer accounts; customer contacts; and/or business practices that was provided to Beacon Hill by Barker, McArthur, Cronin, or Verduzco. ***Note**: Inquiry must be limited to the trade secret or confidential information at issue in the case.*

33. ~~John McArthur's separation of employment from Beacon Hill~~.*Whether John McArthur resigned, was asked to resign, and/or was terminated from his employment with Beacon Hill.*

38. Communications between Beacon Hill and Barker relating to the Second Amended and Restated Insight Global, LLC 2013 Incentive Unit Plan ("IUP").

44. *Non-privileged* communications with Barker about the instant lawsuit and/or Barker's claims against Insight Global in the related lawsuit, *Barker v. Insight Global, LLC et al.*, Case No. 5:16- cv-07186.

Except as otherwise encompassed in the foregoing topics, Insight Global may not inquire about the matters described in topics 2, 5, 7 (but see topic 19), 10, 11, 13, 14, 15, 16, 20, 21, 22, 23, 24, 27, 28, 29, 32, 34, 35, 36, 37, 39, 40, 41, 42, 43, 45.

---

representative should be prepared to answer reasonable clarifying questions about the documents and the written responses, including questions about the nature and source of the data on which Beacon Hill relies for its written responses. The corporate representative is not expected to have memorized the contents of spreadsheets or databases.

For now, the Court will not permit Insight Global to inquire into the full scope of topics 20-24. However, if Insight Global obtains facts via the written *responses ordered by the Court in its resolution of Dkt. No. 49 in Case No.* 17-cv-00309-BLF (*see* Dkt. No. 62) or via the deposition testimony permitted in topic 19 that supports a reasonable belief that particular business was obtained by Beacon Hill as a result of information accessed by Bryan Verduzco shortly before his departure from Insight Global, the Court may permit some deposition regarding those matters.

The parties shall confer regarding a mutually agreeable date and location for the deposition of Beacon Hill, keeping in mind the Court's guidance regarding the expectation of professional courtesy in the scheduling of depositions.

**IT IS SO ORDERED.**

Dated: February 19, 2019

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California