UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07186-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 229, 230 |
| INSIGHT GLOBAL, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEACON HILL STAFFING GROUP, LLC,<br><br>　　　　Defendant. | Case No. 17-cv-00309-BLF (VKD)<br><br>Re: Dkt. Nos. 71, 72, 73 |

Several discovery disputes are pending before the Court in these two related actions. The Court heard oral argument on April 16, 2019. For the reasons stated on the record during the hearing (Case No. 16-cv-07186-BLF, Dkt. Nos. 229, 230; Case No. 17-cv-00309-BLF, Dkt. Nos. 71, 72, 73), and as further explained below, the Court resolves these disputes as follows:

**I.　BARKER V. INSIGHT GLOBAL, CASE NO. 16-CV-07186**

　　**A.　Insight Global's Motion to Compel Interrogatory Responses (Dkt. No. 229)**

Insight Global requests an order compelling Mr. Barker to respond to revised Interrogatory Nos. 24 and 26. Insight Global contends that based on this Court's February 19, 2019 discovery order (Dkt. No. 216), which resolved issues regarding the scope of Insight Global's Rule 30(b)(6) deposition of Beacon Hill, the Court has already determined that Insight Global is entitled to the

discovery at issue. Mr. Barker contends that the Court's prior order resolved matters regarding the deposition of Beacon Hill only and did not impose any obligation on Mr. Barker to respond to written discovery. Mr. Barker also asserts other objections to the discovery.

As discussed at the hearing, the Court's February 2019 order was not intended to define the bounds of relevant and proportional discovery in these cases for all purposes or for all means of discovery. The Court's decision in the order was informed by its understanding of the claims and defenses in these cases, but also by the objections made by Beacon Hill to the deposition testimony sought, and the arguments made in support of that discovery by Insight Global with respect to the disputes presented to the Court. In other words, the fact that the Court permitted Insight Global to obtain deposition testimony on certain topics, as modified by the Court, does not dispose of the disputes presented here.

Insight Global moves to compel answers to the following revised interrogatories to Mr. Barker:

> <u>Revised Interrogatory No. 24</u>: Identify each Beacon Hill representative that was involved in discussions about the compensation structure for Connor Cronin, John McArthur, Bryan Verduzco, or any other current or former San Francisco-based Insight Global employee to whom Beacon Hill extended an offer, formally or informally, after October 26, 2016. *This inquiry is limited to identification of any Beacon Hill employees who: (1) communicated with Barker about (a) Insight Global employees' compensation at Insight Global, (b) the compensation and other terms/conditions offered to them as part of their initial employment packages at Beacon Hill; or (c) how the compensation and other terms and conditions offered to the Three Former IG Employees Hired by BH as part of their initial employment packages at Beacon Hill compared to the employment packages offered by Beacon Hill to similarly qualified prospective employees for comparable positions during the year preceding the offers.*

> <u>Revised Interrogatory No. 26</u>: Identify how the compensation structure for each of Connor Cronin, John McArthur, and Bryan Verduzco was determined, as well as the compensation details included in any formal or informal offer made by Beacon Hill to another current or former San Francisco-based Insight Global employees after October 26, 2016. *This inquiry is limited to the following topics: (1) their compensation at Insight Global, (2) negotiations with them regarding joining Beacon Hill, (3) the compensation and other terms/conditions offered to them as part of their initial employment packages at Beacon Hill; and (4) how the compensation and other terms and conditions offered as part of their initial employment*

2

*packages at Beacon Hill compared to the employment packages offered by Beacon Hill to similarly qualified prospective employees for comparable positions during the year preceding the offers.*

Dkt. No. 229-2. As the Court observed at the hearing, these interrogatories resemble Frankenstein's monster. In both instances the original interrogatory encompasses broad subject matter—the identities of all Beacon Hill representatives involved in any discussions about "compensation structure" for certain former Insight Global employees, and how the "compensation structure" and "compensation details" for those employees were determined—and then the revision (in italics) purports to narrow the scope of those interrogatories. The problem is that the revisions do not really narrow the original interrogatories; they graft on new and different requests for information that only partially overlap with the original interrogatories. The Court will not require Mr. Barker to answer these revised interrogatories.

### B. Barker/Beacon Hill Motion re Insight Global's Rule 30(b)(6) Designee (Dkt. No. 230)

Mr. Barker and Beacon Hill seek an order requiring Insight Global's Rule 30(b)(6) designee, David Lowance, to appear for further deposition on Topics 5, 11, 12, 13 and 15 in the deposition notice. Alternatively, Mr. Barker and Beacon Hill request that Insight Global be compelled to produce another Rule 30(b)(6) deponent on these topics. Mr. Lowance is Insight Global's General Counsel and Secretary. Mr. Barker and Beacon Hill claim that he improperly refused to answer 93 deposition questions based on the attorney-client privilege and the attorney work product protection. Insight Global argues that, for the majority of questions at issue, the subject matter was beyond the scope of the topics on which Mr. Lowance was designated to testify and that the privilege properly was asserted in any event.[1]

Resolution of this dispute requires the Court to consider two issues with respect to each disputed deposition question: (1) Was the question within the scope of a noticed topic for which Mr. Lowance was designated? (2) If so, was Insight Global's privilege objection proper?

---

[1] Mr. Barker and Beacon Hill submitted excerpts of Mr. Lowance's deposition to chambers, but did not file the excerpts with Court. The Court has ordered Mr. Barker and Beacon Hill to file this material in Case No. 16-cv-7186-BLF in compliance with Civil L.R. 79-5, which governs filings under seal.

3

With respect to the first issue, Insight Global's Exhibit G (Dkt. No. 230 at ECF 73-100) includes its position on whether a question is or is not within the scope of one of the noticed topics. Mr. Barker and Beacon Hill have not provided their views on this point on a question-by-question basis, citing the page and word limitations for discovery disputes in this Court's standing order. As discussed at the hearing, it would be helpful for the Court to have their views. Accordingly, the Court orders Mr. Barker and Beacon Hill to identify, on a question-by-question basis, the topic or topics that they contend provide a basis for each disputed question. They must first provide this information to Insight Global, and the parties must confer about their respective positions, before seeking further relief from the Court.

With respect to the second issue, the Court shared its preliminary views about the justifications given by Insight Global for its assertions of privilege/work product. However, this issue could also benefit from further discussion of each disputed question by counsel, before the parties seek further relief from the Court. In conducting those discussions, the parties should keep in mind that *facts* known to Insight Global are not protected from disclosures simply because the corporate designee learned those facts in a privileged communication. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]")

The Court hopes that the further discussions counsel have will permit them to narrow their disputes. If disputes remain, Mr. Barker and Beacon Hill may make a supplemental submission to the Court identifying the topic or topics that they contend provide a basis for each disputed question. They may not submit further briefing on this point or extended discussion. As fact discovery closes May 1, 2019, the Court encourages the parties to complete their discussions so that Mr. Barker and Beacon Hill may make their supplemental submission on remaining disputed questions no later than April 22, 2019.

## II. INSIGHT GLOBAL V. BEACON HILL, CASE NO. 17-CV-00309

### A. Insight Global's Motion to Compel Documents Re Solicitation and Recruitment of Employees (Dkt. No. 71)

Insight Global seeks an order compelling Mr. Barker, Beacon Hill, and several non-parties to withdraw their objections and respond to requests for production related to its allegations that Mr. Barker and Beacon Hill solicited Insight Global employees. Again, Insight Global contends that this discovery is warranted based on the Court's February 2019 order regarding the scope of Insight Global's Rule 30(b)(6) deposition of Beacon Hill. Mr. Barker and Beacon Hill argue that the Court's February 2019 discovery order does not authorize the discovery at issue, and that Insight Global seeks discovery that is irrelevant, disproportionate, harassing and contrary to Judge Lloyd's prior discovery orders.

For the reasons discussed at the hearing and described above, the Court's February 2019 order does not dispose of the matters at issue in this dispute. Rather, Insight Global must demonstrate in the first instance that the discovery it seeks is relevant and proportional. It has not made that showing.

At the hearing Insight Global asked for an opportunity to demonstrate that the discovery it seeks is both relevant and proportional to the needs of the case, now that it appreciates the Court does not consider the February 2019 order dispositive on this point. The Court will permit a further joint submission on the matters raised in Dkt. No. 71. The parties' further submission is due by April 22, 2019. However, the parties should keep in mind that the Court will take into account whether the requested discovery has already been sought and obtained through other means of discovery, and the parties' respective views on whether such discovery has already been provided should be included as part of their further submission to the Court. The Court is particularly skeptical of the requests directed to non-parties, all of whom have already been deposed. If Mr. Barker, Beacon Hill, or any of the non-parties have determined after a reasonable search that they do not have responsive documents, they should so advise Insight Global.

### B. Insight Global's Motion to Compel Documents and Interrogatory Responses Trade Secret Information (Dkt. No. 72)

Insight Global seeks an order compelling Mr. Barker, Beacon Hill, and several non-parties

5

to withdraw their objections and respond to requests for production and interrogatories related to its allegations that Mr. Barker and Beacon Hill obtained and used confidential trade secret information of Insight Global. The parties make essentially the same arguments here as they do in the joint submission filed in Dkt. No. 71. Similarly, Insight Global has asked for an opportunity to submit further support for its motion to compel.

For the same reasons cited above with respect to Dkt. No. 72, the Court will permit a further joint submission on the matters raised in Dkt. No. 72. With respect to Dkt. No. 72, Insight Global should be prepared to identify the alleged trade secrets about which it seeks discovery. The parties' further submission is due by April 22, 2019.

### C. Insight Global's Motion to Compel Documents re Document Preservation and Communications (Dkt. No. 73)

Insight Global seeks an order requiring Mr. Barker and Mr. Wang, Beacon Hill's CEO, to withdraw their objections to certain discovery requests relating to document preservation issues and communications about the two related cases. Insight Global contends that this Court's February 2019 order authorizes the discovery at issue. Mr. Barker disputes that contention. Mr. Barker contends that the sole purpose of the discovery directed to him is to obtain information about his personal electronic devices. Mr. Barker also asserts other objections to the discovery. Mr. Wang objects that Insight Global should not be permitted to take discovery of him personally.

Insight Global moves to compel responses to the following revised interrogatory to Mr. Barker:

> <u>Revised Interrogatory No. 27</u>: Identify any electronic devices in your custody or control or use on which any information, including without limitation text messages, relevant to Insight Global, its employees, or the facts at issue in this litigation have been stored. *This inquiry is limited to information only relating to the following topics: (1) any and all electronic devices with information relating to the Barker Case and the BH Case.*

Dkt. No. 73-2. In connection with their obligations under Rule 26(f)(3) and as described in this District's *Guidelines for the Discovery of Electronically Stored Information* ("ESI"), the parties had an obligation to identify and confer about sources of ESI that should be preserved and which contain potentially discoverable information. If Mr. Barker has not shared this information with Insight Global, he must do so. If Mr. Barker has not produced text messages responsive to Insight

Global's document requests,[2] he must do so immediately.

Insight Global also moves to compel responses by Mr. Wang to the following document requests:

> Revised Duces Tecum Request No. 10: Any documents, text messages, emails or other written communications about the Litigation. *This inquiry is limited to information only relating to the following topics: (1) any and all documents regarding preservation of information and documents (including emails and text messages) relating [sic] the Barker Case and the BH Case; (2) any and all efforts Wang has taken to collect and produce documents (including emails and text messages) in the Barker Case and the BH Case, and to respond to discovery request, including without limitation, the nature and scope of document and information searches he conducted; and (3) non-privileged communications with Barker or Beacon Hill coworkers about the BH Case and/or Barker's claims against Insight Global in the Barker Case. This inquiry is limited to non-privileged matter, and does not include inquiry regarding what Wang was told to do or not do by counsel with respect to document preservation.*
>
> Revised Duces Tecum Request No. 10: Any documents, text messages, emails or other written communications about the Litigation. *This inquiry is limited to non-privileged communications with Barker about the Barker Case and BH Case.*
>
> Revised Duces Tecum Request No. 11: Any documents, text messages, emails, or other written communications about payment for the Litigation. *This inquiry is limited to non-privileged communications with Barker about the Barker Case and the BH Case.*

Dkt. No. 73-2. These revised document requests also have a Frankenstein quality. However, Beacon Hill's principle objection to these requests is that they are part of a subpoena served on Mr. Wang personally. Mr. Wang is not an individual defendant in the case, and Insight Global does not argue that his conduct was outside the scope of his duties as CEO. Beacon Hill does not dispute that Mr. Wang is a relevant custodian for purposes of the search for and collection of otherwise responsive documents in Beacon Hill's possession, custody or control.

The Court agrees with Beacon Hill that, absent a showing suggesting Mr. Wang engaged in communications outside the scope of his role as CEO, discovery of documents in Mr. Wang's personal possession by means of a subpoena is not warranted here. However, that does not relieve

---

[2] The Court refers here to the document requests for which Mr. Barker has already agreed to produce documents and those for which the Court has ordered him to produce responsive documents. The scope of production being ordered here is the same as that made in response to those other requests.

7

Beacon Hill of its obligation to produce responsive documents created, received or maintained by Mr. Wang as CEO of Beacon Hill.  As Mr. Wang is a relevant custodian, Beacon Hill had an obligation to identify and search the sources of ESI associated with Mr. Wang that contain potentially discoverable information.  Beacon Hill's counsel's representations to the Court during the hearing were not clear on this point.  If Beacon Hill has not complied with its obligation to search for and produce responsive documents[3] in Mr. Wang's custody as CEO of Beacon Hill, it must do so immediately.

**IT IS SO ORDERED.**

Dated:   April 18, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[3] The Court refers here to the document requests for which Beacon Hill has already agreed to produce documents and those for which the Court has ordered it to produce responsive documents. The scope of production being ordered here is the same as that made in response to those other requests.

8