UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br><br>   Plaintiff,<br><br> v.<br><br>INSIGHT GLOBAL, LLC, et al.,<br><br>   Defendants. | Case No. 16-cv-07186-BLF (VKD)<br><br>**ORDER RE SUPPLEMENTAL DISCOVERY DISPUTE LETTERS** |
| INSIGHT GLOBAL, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>BEACON HILL STAFFING GROUP, LLC,<br><br>   Defendant. | Case No. 17-cv-00309-BLF (VKD)<br><br>Re: Dkt. Nos. 77, 78 |

On April 18, 2019, the Court denied Insight Global's motion to compel additional discovery from Mr. Barker, Beacon Hill and several non-parties regarding Mr. Barker's and Beacon Hill's solicitation of Insight Global employees, finding that Insight Global had not shown that the discovery was relevant and proportional. *See* Dkt. Nos. 71, 72, 76 at 5. The Court also denied, on the same grounds, Insight Global's motion to compel additional discovery from Mr. Barker, Beacon Hill and several non-parties regarding Mr. Barker's and Beacon Hill's alleged misappropriation of Insight Global trade secrets. *See* Dkt. Nos. 72, 76 at 6. The Court permitted a further submission regarding each dispute. Dkt. No. 76 at 5, 6.

On April 29, 2019, the parties jointly submitted discovery dispute letters on both disputes. The Court considers and resolves each dispute separately.

## I. DKT. NO. 77

In 2017, the Court considered Insight Global's request for discovery of similar scope in the related case *Barker v. Insight Global*, No. 16-7186. In response to a discovery dispute concerning this request, Judge Lloyd ordered as follows:

> The gist of Insight's counterclaim is that Barker "solicited and encouraged" (and in 3 instances "caused") Insight employees to quit and go to work for Beacon Hill. Insight is entitled to discovery relevant to those allegations. Accordingly, Barker, McArthur, Cronin, and Verduzco shall review their text messages and, regardless of subject header (if any), and excluding what has already been produced, produce messages that constitute, state, discuss, mention, allude to, or reference:
>
> 1. Barker directly or indirectly (i.e., through a third person) soliciting any Insight employee to quit and go to work for Beacon Hill;
>
> 2. Barker not soliciting any Insight employee to quit and go to work for Beacon Hill;
>
> 3. Barker directly or indirectly (i.e., through a third person) encouraging any Insight employee to quit and go to work for Beacon Hill;
>
> 4. Barker not encouraging any Insight employee to quit and go to work for Beacon Hill;
>
> 5. Barker attempting either by words or actions to disrupt relationships between Insight and any of its employees or cause any of them to quit.
>
> Nonresponsive portions of messages may be redacted except where they should be disclosed to establish context for the responsive portion(s). If attorney-client privilege or work product doctrine is claimed, the claimant shall furnish a proper privilege log. Privacy objections are overruled.

No. 16-7186, Dkt. No. 87 at 4-5. In a later order addressing another discovery dispute in the same case, the Court also ordered that Mr. Barker produce "documents that constitute, state, discuss, mention, allude to, or reference: (a) whether or not he had or was or, prospectively, would solicit Cronin, McArthur, or Verduzco to quit Insight and come to work for Beacon Hill, and (b) whether he disclosed compensation information about [the three former Insight Global employees] to Beacon Hill." No. 16-7186, Dkt. No. 125 at 3. The Court also ordered Messrs. McArthur, Cronin, and Verduczo to produce "documents which constitute, state, discuss, mention, allude to, or reference (a) whether or not they had been solicited by plaintiff Barker, and (b) whether

1    plaintiff Barker disclosed their Insight compensation to Beacon Hill." *Id.* at 2-3.

2    Mr. Barker and former Insight Global employees Messrs. McArthur, Cronin, and Verduczo represent that they have fully complied with the Court's prior orders, including the review and production of responsive text messages. Dkt. No. 77 at 6-7. Beacon Hill says that it has also conducted and produced documents in response to similar discovery requests. *Id.* at 7. They also say that they have all submitted to deposition questioning on these same topics. *Id.* Insight Global essentially argues that the additional discovery it seeks is warranted because the representations made by Mr. Barker, Beacon Hill, and the non-parties cannot be trusted, and because they all acknowledge deleting some text messages before a search was conducted and the testimony about communications that may have occurred was vague and evasive. *Id.* at 5-6.

If, as appears to be the case, Mr. Barker, Beacon Hill, and the non-parties have complied with the Court's prior orders, the Court sees no reason to require that compliance again or expand the scope of the prior orders. However, the Court is bothered by what seems to be a quibble about what the word "solicit" means. *Id.* at 7. If, for example, Mr. Barker, Beacon Hill, and the non-parties have searched for and produced documents that reflect Mr. Barker or Beacon Hill "asking with earnestness" Insight Global employees to come work for Beacon Hill, but have left out of their production documents that reflect Mr. Barker and Beacon Hill merely "asking" (without earnestness) Insight Global employees to come work for Beacon Hill, they are on thin ice. Counsel for Mr. Barker, Beacon Hill, and the non-parties shall file a declaration with the Court no later than **May 9, 2019** explaining how those entities have parsed the Court's prior orders and disclosing where they have drawn the line between responsive and non-responsive documents. At this time, the Court is not persuaded that discovery of individuals' telephone records and meeting schedules is at all likely to produce relevant evidence, particularly given the extent of discovery that Insight Global has already obtained and the speculative nature of what it says these records may reveal.

## II.    DKT. NO. 78

In permitting a supplemental submission regarding Dkt. No. 72, the Court stated "Insight Global should be prepared to identify the alleged trade secrets about which it seeks discovery."

3

Dkt. No. 76 at 6. Insight Global describes the trade secrets and confidential information that are the focus of its efforts to obtain discovery as follows: "compensation information of IG employees" and unspecified information contained in "confidential computer files regarding 17 client accounts in the Sacramento area and 49 of their hiring managers." Dkt. No. 78 at 3-4. Insight Global also says it wants discovery so that it can determine whether Beacon Hill obtained other confidential or trade secret information from other former Insight Global employees. *Id.* Insight Global does not otherwise specify its trade secrets.

In March 2018, the Court considered Insight Global's request for discovery related to the confidential computer files regarding 17 client accounts that Mr. Veduzco accessed shortly before leaving Beacon Hill for Insight Global. Dkt. No. 39. Beacon Hill represents to the Court that it complied with this order. Dkt. No. 78 at 7. In addition, Mr. Barker, Beacon Hill, and the non-parties represent that they have no responsive documents or information evidencing trade secret misappropriation by Mr. Barker and Beacon Hill. *Id.* at 6.

Had Insight Global identified its trade secrets with particularity it might be possible for it to demand further discovery relating to those trade secrets that did not have the quality of a fishing expedition. As it stands, the only specific confidential or trade secret information that Insight Global cites is the compensation information of its employees and whatever may have been in the confidential files of the 17 client accounts Mr. Verduzco accessed. The Court previously ordered discovery intended to yield information regarding whether any confidential information concerning the 17 client accounts had been misused by Beacon Hill. Insight Global does not suggest that it has developed any such evidence of misuse after receiving that discovery. If Mr. Barker, Beacon Hill, and the non-parties have not produced to Insight Global documents or information in their possession, custody, or control reflecting confidential compensation information of Insight Global employees obtained without Insight Global's permission, they shall produce those documents and that information immediately. Counsel for Mr. Barker, Beacon Hill, and the non-parties shall file a declaration with the Court no later than **May 9, 2019** confirming

4

their compliance with this order.

**IT IS SO ORDERED.**

Dated: May 3, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge