UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN BARKER,

    Plaintiff,

v.

INSIGHT GLOBAL, LLC, et al.,

    Defendants.

Case No. 16-cv-07186-BLF (VKD)

**SEALING ORDER**

Re: Dkt. Nos. 240, 246

Insight Global asks the Court to seal excerpts from the deposition testimony of its corporate representative, David Lowance, filed provisionally under seal in connection with the parties' discovery dispute. *See* Dkt. Nos. 240, 241. Insight Global relies in part on the assertion that it has designated the testimony "confidential" or "confidential—attorneys' eyes only" under the protective order (Dkt. No. 59), and those designations have not been challenged by Mr. Barker or Beacon Hill. Dkt. No. 246, ¶¶ 5-6. However, as the protective order itself makes clear, parties may not rely on their designations under the order as a basis to file material. Rather, a party must comply with the requirements of Civil Local Rule 79-5. Dkt. No. 59 at 3-4.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion

must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

Insight Global asks the Court to seal excerpts of the deposition testimony of a corporate representative to which the parties referred in briefing whether Insight Global had complied its obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 230. The underlying briefing does not concern the merits of the parties' claims or defenses, but rather whether Insight Global should be required to provide further testimony on the noticed topics. This briefing is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

Insight Global has shown good cause to seal the materials identified at paragraph 7 of the Marquardt declaration for the reasons described therein. Dkt. No. 246. Accordingly, the Court finds that the deposition filed under seal at Dkt. No. 241 may remain under seal.

**IT IS SO ORDERED.**

Dated: May 6, 2019

Virginia K. DeMarchi
VIRGINIA K. DEMARCHI
United States Magistrate Judge